The opinion of the court was delivered by
Breaux, J.
It is alleged that the contract between plaintiff and defendant was executed only in part and this suit was instituted to compel compliance.
The plaintiff, represented by her son and agent, Horace H. Harvey, agreed to sell a certain piece of land to the firm of Joseph Rathbone & Co., upon which they bound themselves to construct a lumber and shingle mill, with a capacity of not less than 75,000 feet, lumber measure, per day.
In this act the plaintiff agreed to lease to them other parcels of and, on terms set forth in the act, also to grant certain privileges land rights of way.
*922 The plaintiff owns a canal extending from a point near the Mississippi river to Baratarla Bay, a distance of about six miles.
The parties to whom she agreed to sell proposed to tow cypress logs to their mill, to be erected near the canal, a short distance from the river.
They promised to pay to the plaintiff a rate of tolls on all timber .by them towed through the Harvey’s canal, to be determined by taking the average diameter and total length of logs and ascertaining the lumber measurement of the timber by Doyle’s Rule Tables (Scribner’s Log and Lumber Book), at a charge of 20 cents per 1000 of inch board measure. The charges were to be 20 cents per 1000 of inch board measurement thus obtained. The .parties agreed to embody all the items, clauses and other conditions of this preliminary agreement in an authentic act, to be signed by them within sixty days.
In written suggestions from an attorney, at the time, acting for . plaintiff, the timber was to be measured as above stated.
In due time, after the agreement to sell had been completed, an authentic deed of sale was signed by the parties in which, for reasons not made clear, this act does not conform strictly with the preliminary agreement to sell. The purchasers bound themselves to pay to the vender tolls during a period of fifteen years from the date of the act.
No reference whatever is made to ‘‘average diameter” of logs, as set forth in the agreement to sell, also in che suggestive propositions in writing preceding the act.
In subsequent acts the defendant declared itself the successor to the rights and obligations of the partnership of J. Rathbone & Co. The mill was completed and commenced running in August, 1890. A log scaler was employed, selected by plaintiff’s agent, to measure the logs, each party paying one-half of his wages. He was discharged by plaintiff in May, 1892, when she became dissatisfied with the measurement. The scaler testifies that he followed the instructions of the parties concerned, by measuring the logs at the small end and by deducting for hollow or peeky logs and by not measuring logs that would not make merchantable lumber.
In reference to the toll on the tugs, the witnesses for the defendant testify — and their testimony is not contradicted by plaintiff’s witnesses — that it was stated by a representative of the plaintiff, before *923 signing the contract, that it was silent about charges upon defendant’s boats while towing logs in the canal, and that therefore no charges could be required by plaintiff. (This testimony was admitted without objection.) It is proven.that the rule of measurement followed is general and that the harbor master of another canal, in which are towed larger numbers of logs, as an officer of the State, does not charge boats towing logs on which the toll is paid.
Plaintiff, in her pleadings, complains that the logs are not measured by “ Doyle’s Rule Tables.”
That the difference between the actual measurement and that required by the contract is equal to 40 per cent, to her prejudice.
That the defendant wrongfully deducts 10 per cent, for hollow ends.
That they measure even feet and allow no deductions for inches.
That she is entitled to tolls on all boats navigating the canal, as per her tariff of charges.
The defendant denies the correctness of plaintiff’s interpretation of the contract, or of “Doyle’s Rule Tables,” and alleges that the sealer measured the logs under the directions of her agent, at the smaller end; that he deducted for hollow butts and rejected worthless logs.
That this method of scaling in measuring cypress logs is always followed.
That no tolls on boats towing logs were to be charged.
That during two years bills were made out monthly and plaintiff received payment.
The defendant reconvenes and prays for the execution of its contract during the unexpired term, as heretofore executed.
Bill ok Exceptions.
The record discloses several bills reserved to the admissibility of testimony, of verbal declarations preceding the written acts, and to the testimony offered to. prove the custom of mill men and others in measuring timber; the action, plaintiff alleges, being upon a contract.
The questions being germane they will be taken up together.
The “ parol evidence rule ” assumes that parties in choosing the solemn form to express their agreement. intended to fully express *924 their intention, removing them beyond bad faith or the treacherous tenure of “ slippery memory.”
As between the parties the instrument is conclusive as to the point which it covers. Several needful points to sustain plaintiff’s contention are not covered by the act.
“It being thus ascertained as a preliminary question, that the written instrument fairly and fully represents the intent of the parties at the time of its execution, the duty of the court becomes merely one of interpretation and construction of the language employed, the object being to ascertain the expressed meaning of the parties. That meaning once ascertained is incontrovertible by any parol evidence; no new words can be added; the court can not, as is said, travel out of the four corners of the paper. But the language to be interpreted is to be read in the light of all surrounding circumstances (as the phrase is), it being obviously impossible to tell what a man has said until it is ascertained what he has meant to say. Any relevant evidence, therefore, which fairly partakes of explanation, or is reasonably calculated to place the court in the situation of the parties at the time of the execution, will, in general, be receive^,” Best on Evidence, p. 231.
In reference to usage this commentator approvingly quotes from Phillips on Evidence: “ Evidence of usage has been admitted in aid ■of the construction of written instruments. This evidence has been received for explaining or filling up terms.” Optimus interpres rerum usus, p. 236.
This court has decided if a contract is silent as to quantity, parol evidence of the intention is admissible. Campbell vs. Short, 35 An. 447.
In the case before us for our decision there is a difference between the two acts, the promise to sell and the sale, in matter of ascertaining the measure.
In neither act reference is made to hollow butts, peeky logs or tolls on steamboats.
During two years the contract was executed without requiring payment for any of the items now claimed.
The purpose not being to contradict, vary or explain the written instrument, and it being obvious that the acts did not cover all the points of difference between the parties, evidence partaking of the nature of usage and evidence of explanation were admissible.
*925 The evidence was properly admitted.
The act of the Legislature referred to by plaintiff’s counsel, No. 87, of 1892, is not directly authoritative as law in this case, for it establishes a scale or rule for the measurement of pine saw logs only, and can be applied in measuring other logs than pine, not as absolutely binding, but as indicating the estimate of the law-making power.
It is almost supererogation to state that contract and stipulations must determine in measuring the full contents of logs, and in all questions i-elating to saps, peeky lumber and other defects, the difficulty arises from the fact that the contract is silent as to these.
Doubtless the sellers of logs who think the usage and custom too liberal and favorable to the purchaser protect themselves by special contract as to measurement.
The contract is not full and explicit; debatable questions are unavoidable.
Both parties rely upon the “ Lumber and Log Book ” admitted in evidence.
The plaintiff offers the context from pages 69 to 82.
The defendant objects to that on pages 70 and 71, and contends that it is not covered by “ Doyle Rule Tables,” made the basis for calculating the measurement of logs.
Turning to pages 70 and 71, the head lines read:
LOG TABLE, “Round logs reduced to inch board measure, by Doyle’s rule,” and the instructions printed on these pages are: .turn to the next page for Doyle’s table.
It is exceedingly difficult to determine which is Scribner’s and which is Doyle’s.
It is “ Scribner’s Lumber and Log Book.”
His preface informs us that his original tables and those of Doyle were carefully examined and revised, and that the Doyle Log Tables * have been considerably extended.
Conceding that the instructions headed as above stated are Doyle’s, it does not follew, in adopting “Doyle’s Rule Tables ” as a basis of the measurement, that it includes the instructions or explanatory notes.
To illustrate: preceding Scribner’s tables, which form part of the book in evidence, there are directions and notes.
They are not part of the tables.
*926 If the logarithms of Napier, as embodied by Prof. Loomis in his works, were agreed upon to abridge mathematical calculations, the agreement would not include explanatory or illustrative observations, particularly if it were not known whether they were by the former or the latter.
Moreover the plaintiff, in the preliminary agreement, stipulated that the measurement should be made by calculating the average diameter of the logs.
In the deed of sale the “average diameter” is omitted.
A right, well defined, was abandoned.
The rule of interpretation of authentic acts is the same as that of statutes.
It is a well settled rule of interpretation that when any statute is revised or one act framed from another, some parts being omitted, the parts omitted are not to be revived by construction. 1 Pick. (Mass.) 45; 9 Pick. (Mass.) 104.
“ It is decisive of an intention to prescribe the provisions mentioned in the latter act, as the only one on that subject which shall be obligatory.” 20 Wall., U. S.
' It was expressly stipulated in the act of promise to sell to insert “ average diameter’ in establishing the measure of logs.
The words are omitted in the act in which it was agreed to insert them.
They are not to be revived by construction.
The'plaintiff claims an amount on account of the 10 per cent, deduction on hollow or peeky logs, and for defective logs that would not make merchantable lumber, not measured.
Every witness, those for the plaintiff and those for the defendant, testify that the custom of log inspection of cypress timber, in round logs, when hollow or peeky, ten feet off length of logs shall be allowed and deducted as compensation for the defect, and that logs so defective that they will not produce merchantable lumber are not measured.
Counsel for the plaintiff does not question the correctness of the testimony proving custom.
They contend that the contract must be executed as written.
That the intention of the parties is determinable without regard to custom.
*927 This is correct if the contract bears out the contention that the intention of the parties is expressed.
No reference is made in the contract to defective logs, but contains the following:
“At a charge of 20 cents per 1000 of inch board measure thus obtained” from the logs.
Board Measure.
There is no possibility of determining the “ board measure ” of each log without reference to rules of measurement established by custom. The act contains no statement upon the subject.
Both as relates to the “average diameter” and to defective logs, the parties not having agreed, custom must be consulted in determining the number of boards each log will yield. If “board measure” had been omitted from the contract, the question would arise as to the actual dimensions of a round log, without allowing for saw kerfs,worthless saps, crooked or otherwise defective logs; but “ board measure ” being inserted in the act, it must be determined'by reference to custom, and the actual quantity of lumber must be ascertained which a log will produce under the manipulation of a competent sawyer.
We understand board measure to be the number of feet of board which a log will produce when sawed.
The contract, the interpretation of which is involved in this suit, was executed without objection.
The agent of the plaintiff had charge of her interest under it, and the logs were towed through the canal, were measured and sawed into lumber.
Monthly settlements were made.
He had a log scaler of his own selection.
He conferred with the representatives of defendant as to the rules which should govern in measurement. They were followed. The plaintiff has not established error entitling her to relief. She is bound by the acts of her agent, acting within the scope of his authority. The settlements are final; it is not proven that they were made by the agent in ignorance of the facts. As a general rule the knowledge of the agent is the knowledge of the principal. Seixas vs. Citizens Bank, 38 An. 435.
“Whatever an agent does, within the scope of his authority, is, in legal effect, the act of his principal, who is entitled to its advantages *928 and is also subject to its liabilities.” Waite A. and D., Yol. 1, p. 220. His duty was to attend to plaintiff’s interests under the contract. The supervision of the measurement of the logs was part of his duty. The plaintiff, after such a time, can not be heard to question the correctness of the payments on the ground that she was not aware of the rule followed in the measurement.
Toll on Boats.
Plaintiff claims toll upon tugs or other vessels employed solely in towing logs under the contract. Having fixed a toll, and there being no stipulation for extra charges, it includes the logs and the power towing them.
The testimony proves that in matter of toll in'other canals no extra charge is exacted from the steamboat towing logs upon which toll is paid.
Even Measure.
In reference to measuring the lumber in even length, the judgment appealed from is silent. In board measure, it is stated in evidence, even length only is taken and odd ends are thrown away as worthless. The contract, we have seen, provides for board measure.'
Our views coincide with those of the judge of the District Court in reference to the issues involved.
Judgment affirmed at appellant’s costs.