WILLIAMS, Judge.
Willie Andrews filed this action against Marion State Bank for alleged theft by one of the bank’s tellers of money from Andrews’ checking account. The employee allegedly forged Andrews’ name to checks as drawer and destroyed bank statements from March 15, 1970, through May 15, 1970, which would have been sent Andrews. In April and May, Mrs. Andrews went to the bank and inquired about statements. She was advised they were either lost or . mailed to the wrong address. Again op June 5, Mrs. Andrews went to the bank and after an examination of account records, a balance deficit of $9,516.-87 was claimed. This was reduced during trial to $7,184.32 and denied by the bank. In Andrews’ petition he additionally prayed for damages and attorney’s fees. He requested a jury trial, and the jury awarded him $17,500. A judgment for this amount was signed.
The Marion State Bank in its appeal contends judgment should be reversed or, in the alternative, materially reduced. The bank filed an exception based on a plea of one year prescription which stated that the first fifteen items of alleged forged checks were included on Andrews’ bank statements received by him on or prior to March 15, 1970. This suit was not filed until April 7, 1971. LSA-R.S. 6:53 declares:
“Suits to enforce the liability of any bank which has paid and charged to the account of a depositor any money on a forged or raised check . . . and issued in the name of the depositor may be brought . . . only within one year after the return to the depositor of the voucher representing the payment, and then, only if the depositor, upon the return by the bank, has notified it that the check paid is forged. .
“Either notice may be given by mail, postage prepaid, directed to the addressee’s last known address.”
Accordingly, prescription has run on all items prior to the March 15, statement. This peremptory exception is sustained and such amounts cannot be considered.
All records on Andrews’ pulpwood business were kept by his wife. The evidence discloses these records are inaccurate, in *377 tentionally misleading, incomplete and contradictory. We find, however, a competent, detailed audit and analysis was made by Mrs. Velda Lee, a Certified Public Accountant, who spent approximately 200 hours piecing together and reconstructing the bank’s records and Andrews’ records. We accept her report as the most credible .evidence of the liability of the bank to Andrews. She testified there were valid checks in plaintiff’s list of unidentified checks, and it was stipulated by Andrews the checks drawn on his account and validated on Mrs. Lee’s list were correct. These totaled $2,508.65. The first six items on the validated list, totaling $242.14, were posted prior to March 15, 1970, and therefore are not here considered. $242.14 must be deducted from Mrs. Lee’s total of $2,508.65, leaving only $2,266.51 as authentic items charged to Andrews’ account. In addition, Mrs. Lee determined from data given her by Andrews an estimated amount paid by him to his employees from March 15 to June 5, 1970. All such checks were either destroyed by the bank’s employee or lost in the mail. These payroll checks would be valid withdrawals or debits against Andrews’ account. The total amount determined by Mrs. Lee is $1,869.-50.
Our jurisprudence is clear the relationship between a bank and its depositors is that of debtor-creditor. In Victory Electric Works, Inc. v. Maryland Casualty Company, 230 So.2d 287 (La.App. 4th Cir. 1970) the court stated:
“The liability is ordinarily a contractual liability or debt since the deposit of funds results in a creditor-debtor relationship.”
The depositor is entitled only to the return of his principal plus legal interest from date of demand for such deposit made. LSA-C.C. Art. 1935. ,
The jury’s award for such greater sums than the amount improperly and without authority withdrawn from Andrews’ account is incorrect and must be set aside. The award of attorney’s fees can only be permitted by an agreement or when provided for in our statutes.
The sum sought by Andrews totajs $7,184.32 as wrongfully debited against his deposits. This court finds the forged items charged against Andrews’ account total $3,048.31. This sum is reached by deducting the valid items of $4,136.01 from $7,184.32.
The judgment of the trial court is amended and the award reduced to the sum of $3,048.31 in favor of Andrews, with legal interest from June 5, 1970 until paid.
All costs of this appeal are assessed to appellant.
Judgment amended, and as amended, affirmed.