306 So.2d 762 (1975)
ALSIDE SUPPLY COMPANY, a Division of Alside, Inc.
v.
Robert RAMSEY.
No. 6561.
Court of Appeal of Louisiana, Fourth Circuit.
January 14, 1975.
Rehearing Denied February 13, 1975.
Caryl H. Vesy, New Orleans, for plaintiff-appellant.
Giles J. Duplechin, Gretna, Robert Scott McIntosh, II, New Orleans, for defendant-appellee.
Before SAMUEL, GULOTTA and SCHOTT, JJ.
GULOTTA, Judge.
Plaintiff appeals from a judgment dismissing his suit for payment for materials furnished and for enforcement of a materialman's lien. Plaintiff, a supplier of building materials, filed a lien after a contractor who installed siding on defendant's home failed to pay plaintiff for the siding furnished.
Two exceptions were filed by the defendant, an exception of no right and/or cause of action, and an exception of no cause of action. After hearing evidence in connection with the exception of no right of action, the trial judge maintained the "exception." While the judgment does not specify whether no cause of action or no right of action was maintained, a reading of the record convinces us that the trial judge overruled the exception of no cause of action and maintained the exception of no right of action.
Plaintiff argues that the exceptions are defective for failure to state with particularity the objections urged and the basis for the objections. More importantly, the thrust of plaintiff's argument is that defendant is attempting to raise an affirmative defense by way of exceptions. The lien affidavit and petition allege purchase and delivery of materials to real property erroneously designated as bearing "Municipal Number 5 Bardel Street, Kenner." Defendant claims he does not own property so designated but does own property bearing municipal number 5 Bradley Street, Kenner. According to plaintiff, the defendant's claim (i. e., incorrect description of municipal number) is a matter of defense *763 to be determined after a trial on the merits.
Supporting his argument, plaintiff contends that the exception of no cause of action does not lie because the petition, taken as written, states a cause of action. Plaintiff maintains the error in the name of the street complained of by defendant is not apparent from a consideration of the four corners of the petition. Therefore, according to plaintiff, the petition clearly states a cause of action.
Plaintiff further argues the exception of no right of action is without merit. This exception questions plaintiff's legal interest to bring the action. According to plaintiff, the question raised in defendant's exception does not address itself to the plaintiff's right to bring the action, but to the validity of the lien and privilege because of the erroneous description of property owned by defendant. The issue raised by the exception, plaintiff argues, is a matter of defense.
Defendant's contention is that since the description of the property was inaccurate when the lien was recorded, no lien was created and, therefore, no privilege exists. Defendant, therefore, argues that plaintiff does not have a right of action to enforce a nonexistent lien.
We agree with plaintiff's position that the question raised by defendant addresses itself to a matter of defense, and is not properly the subject of an exception of no cause or of no right of action. In Bielkiewicz v. Rudisill, 201 So.2d 136 (La. App. 3rd Cir. 1967), the court in setting forth the object of an exception of no right of action stated:
"The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue upon the cause of action asserted. * * *"
The Court went on to say:
"In short, the objection of no right of action raises the question of whether the plaintiff has a legal interest in the subject matter of the litigation, assuming (for purposes of deciding the exception) that a valid cause of action is pleaded by the petititon. LeSage v. Union Producing Co., 249 La. 42, 184 So.2d 727."
It is immaterial that defendant may be able to defeat the plaintiff's cause of action. As stated further in Bielkiewicz, supra:
"* * * the exception of no right of action is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiff's action. * * *"
In the instant case, the facts pleaded in the plaintiff's petition are sufficient to place him within the class of persons in whose favor the cause of action is afforded. The petition alleges a legal interest in the subject matter of the litigation. It alleges plaintiff furnished materials to a contractor which were delivered for use on property owned by defendant for which plaintiff has not been paid. Whether or not defendant owned the property; whether the materials were delivered for use on the property owned by defendant; or whether the lien was timely recorded are all matters of defense.
Accordingly, the exceptions are overruled. The judgment is reversed. The matter is remanded for trial on the merits, or for any further proceedings not inconsistent herewith.
Reversed and remanded.