GULOTTA, Judge.
This is an appeal from a judgment maintaining an exception of no cause or right of action. For purpose of clarity, it is necessary that some background factual information be considered.
According to the petition, Ray Magee, an employee of T. Smith & Son, Inc., was injured on December 5, 1968, while in the course of his employment. A compromise agreement was entered into by Magee with defendants, T. Smith & Son, Inc., and its insurer, Employers Commercial Union Insurance Company, in the sum of $12,500.00.
Thereafter, a check was drawn on the First National Bank of Commerce, dated August 4, 1971, payable to Magee and his attorney, in the amount of the compromise. The check was endorsed by the attorney on his own behalf and as agent for Magee in accordance with a power of attorney held by the attorney. The check was then deposited on August 13, 1971, in the attorney’s bank account in the Hibernia National Bank in New Orleans.
*490 On July 24, 1971, before the check was deposited, Ray Magee died. Upon learning that the endorsement was made subsequent to Magee’s death, defendants, T. S'mith & Son, Inc., and its insurer, concluded the transaction was not valid. As a result of defendants’ position, the drawee bank (First National Bank of Commerce) made a demand upon Hibernia National Bank (the paying bank) for return of the $12,500.00 amount. Hibernia debited the attorney’s account but refused to surrender the amount to the drawee bank, National Bank of Commerce. The funds at this time remain in the possession of the Hibernia National Bank. Multiple litigation followed,[1] including the instant suit filed by the heirs of decedent to enforce the compromise agreement.
The demand against Hibernia [2] in the instant suit is for the funds deposited on behalf of decedent, together with accumulated interest and damages. Hibernia National Bank filed an exception of no cause or right of action based on the theory that since the bank was not a party to the original compromise sued upon, no relationship existed between plaintiffs (decedent’s heirs) and defendant, Hibernia National Bank. The exceptions were maintained and this appeal followed.
Plaintiffs’ claim against Hibernia is predicated on the assumption that the check was properly endorsed in accordance with a valid power of attorney in possession of decedent’s agent, the attorney. Assuming (but not holding) the validity of the power of attorney and the endorsement as claimed by plaintiffs, we find no merit to plaintiffs’ theory that any third party (Hibernia National Bank) having custody of a principal’s property (heirs’ money) when placed in the bank’s care by the agent (the attorney) is likewise liable to the principal (heirs.)
We fail to find validity in plaintiffs’ reliance on LSA-R.S. 10:4 — 201; Interstate Electric Co. v. Frank Adam Electric Co., 173 La. 103, 136 So.2d 283 (1931); Destrehan v. Louisiana Cypress Lumber Co., 45 La.Ann. 920, 13 So. 230 (1893); Succession of Onorato, 219 La. 1, 51 So.2d 804 (1951), in support of their contention. The above cited cases are not authority for the rule of law advanced by plaintiffs. Interstate Electric stands for the basic agency rule (with which we have no quarrel) that when the agent’s apparent authority is different from his actual authority, the principal is not relieved of responsibility for acts of the agent when dealing with third parties. Destrehan merely states that knowledge of the agent is knowledge of the principal. Onorato is concerned with the burden of proof required when fraud was involved in the comingling of funds by an agent. Clearly LSA-R.S. 10:4-201 is not applicable. This is a substantive statute adopted by the legislature in 1974, effective January 1, 1975, and has no retroactive or retrospective effect on transactions, such as the instant one, entered into prior to the effective date of the statute. See State ex rel. Howard Kenyon Dredging Co. v. Miller Gravity Drainage Dist. No. 3, 193 La. 915, 192 So. 529 (1939); State ex rel. Spann v. Board of Tr. of Police Pen. F., 283 So.2d 294 (La.App., 4th Cir. 1973).
We further find no merit to plaintiffs’ contention that the bank is liable .to them for any damages caused by its wrongful *491 dishonor of payment of the check or by the unlawful conversion of the funds on deposit. The petition might very well state a cause of action against the defendant bank; however, the heirs are not the rightful parties to assert a claim against the bank for recovery of the funds on deposit in the attorney’s account. Our problem is not one of no cause of action but of no right of action. See Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App., 3d Cir. 1967) and Alside Supply Company v. Ramsey, 306 So.2d 762 (La.App., 4th Cir. 1975) for a discussion of the exception of no right of action. In this connection it is important to ascertain the relationship of the bank to the attorney, its depositor.
It is well settled in our jurisprudence that such a relationship is that of a debtor-creditor. The depositor is a creditor of the debtor bank. Andrews v. Marion State Bank, 286 So.2d 375 (La.App., 2d Cir. 1973), writ refused, 287 So.2d 189 (1974); Allen v. Cochran, 160 La. 425, 107 So. 292 (1926); Hibernia Nat. Bank v. National Bank of Commerce, 204 La. 777, 16 So.2d 352 (1943). As such, it is arguable that the attorney might be the rightful party to assert a cause of action against the bank for return of the funds. However, no relationship nor privity exists between the bank and the heirs which would allow a right to be asserted by the heirs against the bank. If we assume the power of attorney is valid (although executed after the death of decedent, but according to the allegations in the petition the attorney was not aware of decedent’s death. See LSA-R.C.C. art. 3027[3] and LSA-R.C.C. art. 3032,[4] ) then the endorsement by the attorney of the check made payable to himself and to decedent is valid.
 However, ownership in the decedent of the check is divested by the endorsement and the deposit. The check (after endorsement and deposit) is not owned by the depositor, i.e., the attorney or the decedent, but becomes the property of the bank. The money paid into the bank ceases to be the money of the depositor and becomes the money of the bank, which it may use, returning an equivalent when demanded, by paying a similar sum to depositor. See the time-honored old case of Planters’ Bank v. Union Bank, 83 U.S. 483, 16 Wall. 483, 21 L.Ed. 473 (1872) where the court gave expression to this rule. A different result might be reached if a particular object belonging to a third party were placed for safekeeping in a safety deposit box of a bank by the owner of the box. Because the ownership of the particular object has not been divested by placing it in the safety deposit box, the owner of the object might have a cause of action against the bank, or against the bank and the owner of the box. This is not the situation in the instant case.
Having concluded decedent and, therefore, his heirs were divested of ownership of the check, and having found that decedent and the heirs had no relationship or privity with the defendant bank, we hold the heirs are not the proper parties to as *492 sert a claim against the bank (Hibernia National Bank in New Orleans) for the return of the funds on deposit, interest or damages. The exception of no right of action was properly maintained. The judgment dismissing defendant, Hibernia National Bank in New Orleans, is affirmed.
Affirmed.

. First National Bank of Commerce filed suit against Hibernia to recover the $12,500.-00. Hibernia filed third party complaint against decedent’s attorney alleging that if they were cast in judgment, they were entitled to recover against decedent’s attorney. A second suit was filed in the United States District Court by decedent’s attorney for damages against Hibernia National Bank in New Orleans, First National Bank of Commerce and others.

. Plaintiffs set forth in brief that since the filing of this appeal, decedent’s attorney has confirmed the original settlement entered into with the original defendants, T. Smith & Son, Inc., and Employers Commercial Union Insurance Company and executed a partial dismissal of this suit in their favor.

. LSA-R.C.C. art. 3027 reads as follows:
“The procuration expires:
“By the revocation of the attorney.
“By the attorney’s renunciation of the power.
“By the change of condition of the principal.
“By the death, seclusion, interdiction or failure of the agent or principal.
“But the powers of attorney by public act or by writings under private signature, or by letter, to transfer on the books of stock corporations, bonds or shares of stock in said corporations, shall be irrevocable, and shall uot expire by the death, seclusion, interdiction or failure of the principals, where the said bonds or shares of stock have been previously sold to the persons holding the said powers of attorney, for value received, and said facts are set forth in such powers of attorney.”

. LSA-R.C.C. art. 3032 reads as follows:
“If the attorney, being ignorant of the death or of the cessation of the rights of his principal, should continue under his power of attorney, the transactions done by him, during this state of ignorance, are considered as valid.”