BLANCHE, Justice.
Plaintiff is lessee holding, by assignments, two mineral leases. The leases were granted originally by Pioneer as lessor.[1] The petitions allege that plaintiff holds a working interest in the lease affecting one tract of land and all of the executive rights in a second lease affecting another tract of land.[2] In this suit the relief sought by plaintiff against Pioneer has several objects. First, it would recognize that the lease is still in force. It also alleges that the lease should not be cancelled or treated as having been ended by prescription because plaintiff was prevented from carrying on operations on the lease because of blowouts which occurred, rendering it impossible to carry out further work on the leased premises, at least until the blowout could be brought under control or would bridge over, thus shutting itself off. This, plaintiff claims, brings into operation the Force Maj-eure clause of the leases which would re *810 lieve it of the obligation to operate the lease during such period. Additionally, plaintiff seeks damages caused from the action of lessor by treating the lease at an end and giving a subsequent lease to other parties, thereby causing economic loss to plaintiff. Plaintiff also seeks payment of damages from the other parties, i. e. payment for loss arising from the wrongful action of these parties resulting in a loss of profits which should be paid or should have been paid to plaintiff from any minerals produced from the tract affected by the lease.[3]
No trial has been held in the matter, though a hearing was held in connection with the preliminary matters on which the trial court based its decision to dismiss. That hearing was on a defense rule to show cause why a writ of sequestration granted to plaintiffs should not be dissolved, on various defense exceptions of no right and no cause of action and on defense motions for summary judgment. The trial court dismissed the action based upon defendants’ exceptions of no cause and no right of action.
On its first hearing, the Court of Appeal for the Third Circuit reversed and remanded the case for trial on the merits. Thereafter, the court granted a rehearing and concluded that the appeal was not timely for the reason that the action should be characterized as a possessory action.[4] Based on this finding, the court applied C.C.P. art. 3662 which appears to require that the delay for filing an appeal from a judgment disposing of a possessory action must be within thirty days of the time the appeal period commences to run. Since the appeal herein was filed after thirty (but within sixty) days of the time the period began to run, the court declared that it lacked jurisdiction and the judgment of the district court was final. The court’s judgment then annulled and set aside its prior decision and dismissed the appeal. We granted plaintiff’s application for writs in order to consider the matter.
Plaintiff’s argument has presented a preliminary question which must be resolved before we would be able to address the issue of the interpretation and application of C.C.P. art. 3662. The question presented is whether it is proper to consider this action as a possessory action due to the nature of the relief sought.
Under the Mineral Code plaintiff, Trinidad, and defendant, Pioneer, are both owners of mineral rights. These rights are characterized in our law as real rights or as incorporeal immovables.[5] Thus, under the provisions of the Code of Civil Procedure, either one may “assert, protect and defend” its rights as could the owner or possessor of any immovable property.[6] It is clear that a possessory action is considered a real ac *811 tion.[7] The owner of a mineral right may assert a possessory action,[8] and we find no direct prohibition to the assertion of the possessory action by the lessee against the lessor.
Under ordinary circumstances, a lessor and lessee may not assert the posses-sory action against each other.[9] The rights and obligations as between them are governed by the lease, and the question of possession adverse to the other does not arise except in circumstances which are not applicable here. It is also clear that the lessor who grants a mineral lease may not assert the real actions (including a possesso-ry action) against his lessee, in the cases in which he seeks a declaration that the lease has terminated because of a resolutory condition contained therein.[10] This amounts to *812 a specific recognition that the lessor “bound by a mineral lease cannot possess adversely to his lessee.” 11
The situation presently before us appears to be the inverse of the position contemplated by C.C.P. art. 3670, in that the lessee is seeking to assert the continued existence of the mineral lease and the nonoccurrence of a resolutory condition in the lease due to the blowout and reworking necessitated thereby acting as a Force Maj-eure. The pleadings which were filed were couched in the terms and form of a posses-sory action, but the claims which are being asserted appear to partake more of the nature of a suit based upon the obligations of the parties under their contract, i. e. the lease.[12]
[4] Recently we have considered the question of the nature of actions possible between a mineral lessor and mineral lessee. In Smith v. W. Va. Oil & Gas Co., 373 So.2d 488 (La.1979), the action was for termination of the lease because of unauthorized use of the land by the lessee. In that case the lessor sought injunctive relief and we concluded that this was not the appropriate form of relief, stating at 492: “In the light of applicable provisions of the Mineral Code and of the Code of Civil Procedure, neither the mineral lessor nor the mineral lessee are regarded as in possession adverse to the other for purposes of the real actions or of affording injunctive relief under La.C.Civ.P. art. 3663 to the lessor-owner of the land against his lessee’s use or exercise of rights granted by the mineral lease.” This was a clear recognition that, in cases between the lessor and lessee, treatment of the dispute as being a “real action” would not be appropriate, even though the rights are characterized as “real rights”. We did recognize that, as against other parties the real , actions may be appropriate, but that the lessor and lessee bear a special relationship to each other that may make real actions inappropriate as between them.[13]
We believe that the point of view expressed in Smith should apply to the case now before us. The particular procedures for the possessory action are designed to reach the ultimate issues of ownership. In a mineral lease situation, in which the parties are really contesting questions having to do with the application of rights under the lease, it is more appropriate to regard the action as one seeking to determine.the rights of the parties under the lease contract, and thus to view the parties as urging an ordinary action rather than a real action. We believe that our statement in Smith that “neither the mineral lessor nor the mineral lessee are regarded as in possession adverse to the other for purposes of the real actions” is fully applicable to the case now before us.
Since this is not a real action, the time within which a party may file for an *813 appeal is sixty days, not thirty days.[14] The appeal is therefore timely and should not have been dismissed.
Viewing the initial result reached by the court of appeal as correct, we now reverse the decision of the district court which dismissed on exceptions of no cause and no right of action and remand the case to the district court for trial on the merits.

. The exact status of Pioneer is not clear, but it appears probable that Pioneer is itself a lessee, and the more correct designation of plaintiff might be sub-lessee holding under assignment of the subleases granted by Pioneer. We do not consider that the exact designation is significant at this point.

. The two tracts of land involved herein are in LaSalle Parish and are more particularly described as follows:
Tract i: Township 11 North — Range 3 East
Section 30: N/2 of the NW/4,
SW/4 of the NW/4,
W/2 NW/4 NE/4
Tract 2: Township 11 North — Range 3 East
Section 19: SE/4 of the NE/4;
NW/4 of the NE/4;
NW/4;
W/2 of the SW/4;
SE/4
The court of appeal noted in its original opinion that the tract in Section 30 was to be treated differently, as Trinidad’s counsel, in oral argument, “acknowledged this lease had terminated and that his client no longer claimed any real right in the lands formerly covered thereby.” We presume that this suit, in fact, now only concerns the tract in Section 19.

. The other two defendants in this case are Royal Mineral Corporation and MBM Partnership. Plaintiff claims that Pioneer granted new leases to Royal, who then conveyed its interests to MBM. Plaintiff claims that both of these parties acted to harm the interests which Trinidad still holds.

. The parties themselves' had framed some of their pleadings and some of their arguments in the form of a possessory action.

. “R.S. 31:
“§ 16. Basic mineral rights; status as real rights
The basic mineral rights that may be created by a landowner are the mineral servitude, the mineral royalty, and the mineral lease. This enumeration does not exclude the creation of other mineral rights by a landowner. Mineral rights are real rights and are subject either to the prescription of nonuse for ten years or to special rules of law governing the term of their existence.”
“§ 18. Nature of mineral rights
A mineral right is an incorporeal immovable. It is alienable and heritable. The situs of a mineral right is the parish or parishes in which the land burdened is located. All sales, contracts, and judgments affecting mineral rights are subject to the laws of registry.”

.Code of Civil Procedure:
“Art. 3664. Mineral rights asserted, protected and defended as other immovables
The owner of a mineral right may assert, protect, and defend his right in the same manner as the ownership or possession of other immovable property, and without the concurrence, joinder, or consent of the owner of the land or mineral rights.”

. Code of Civil Procedure, Book VII, Title II, Chapter 1.

. This is evident from art. 3665 et seq. of the Code of Civil Procedure. In particular, art. 3665 states:
“If the owner of a mineral right possesses his right by use or exercise according to its nature, he becomes entitled one year and a day from the date of commencement of his possession to assert the possessory action. Thereafter, if there has been no adverse possession sufficient to include mineral rights, his right to assert the possessory action continues for one year from the date on which his right to bring the action matured or from the last day on which he was in possession of his right by use or exercise thereof, whichever is later.”

. The definition of a possessory action and those who may assert it are covered by C.C.P. arts. 3655 and 3656, which state:
“Art. 3655. Possessory action
The possessory action is one brought by the possessor of immovable property or of a real right to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted.”
“Art. 3656. Same; parties; venue
A plaintiff in a possessory action Shall be one who possesses for himself. A person entitled to the use or usufruct of immovable property, and one who owns a real right therein, possesses for himself. A predial lessee possesses for and in the name of his lessor, and not for himself.
The possessory action shall be brought against the person who caused the disturbance, and in the venue provided by Article 80(1), even when the plaintiff prays for a judgment for the fruits and revenues of the property, or for damages.”

. and 11. This is specifically stated in C.C.P. art. 3670. The comment under this article, as the comment under R.S. 31:154 (the Mineral Code), specifically recognizes that the mineral lessor “bound by a mineral lease cannot possess adversely to his lessee”, a primary reason being that the parties both claim under the same chain of title, and the rights of one derive from the rights which the other has. The full texts of the article and comment are as follows:
“Art. 3670. Real actions against mineral lessee unavailable to mineral lessor or possessor bound by lease
One who has granted a mineral lease, or who possesses under a title subject to a mineral lease, whether or not the lease is disclosed by his act of acquisition, cannot assert the real actions against thé lessee on account of the termination of the lease by running of the term or occurrence of an express resolutory condition. Added by Acts 1974, No. 547, § 2, eff. Jan. 1, 1975.”
Comment — 1974
“Article 3670 is a procedural corollary to Article 154 of the Mineral Code, which exempts the mineral lessor or the possessor of land under a title subject to a mineral lease from the rule that a good faith possessor under just title is in possession of mineral rights inherent in perfect ownership except to the extent such rights are reserved in the act under which he possesses or the act is expressly made subject to outstanding mineral rights. In essence, the nature of the mineral lease is such that the lessor, or one possessing under a title subject to a previously granted lease, cannot be deemed to possess adversely to the lessee. In this regard' see the comment following Article 154 of the Mineral Code. Given the principle that a mineral lessor or possessor bound by a mineral lease cannot possess adversely to his lessee, he should not be permitted to bring the real actions against the lessee. Technically, it might be possible for the lessor to bring a petitory action, but as both parties claim under the same chain of title, neither can deny the basic title in a suit to determine whether the lease has expired. Thus, the proper procedure is an ordinary action, against the lessee for a judgment holding that the lease has expired and ordering it cancelled from the public records. It should be noted that under Article 121 of the Mineral Code a mineral lessee is permitted to take leases from those claiming adversely to his lessor. If the lessee should assert a claim based on a lease from an adverse claimant, then the real actions would be appropriate. Article 3670 is applicable only when the contest is over whether the lease has expired. It does not deal with suits for cancellation, or' dissolution, based upon nonperformance to the obligations of the lease. These are suits for *812 enforcement of the implied resolutory condition existent in all commutative contracts and are not in the nature of real actions. La.Civil Code Art. 2046 (1870).”

. As between the plaintiff and the other defendants, most of the claims appear to be those which are delictual in nature, though this is difficult to ascertain at this stage of the proceedings—the claims may be delictual or quasi contractual in nature—depending upon what could be shown in a full presentation of the evidence.

. See footnotes 10 and 11, supra. Additionally, a possessory action may be converted to a petitory action when one party asserts its claim as owner, and the resulting judgment settles the issue of ownership. There would be considerable difficulties raised if such were permit *813 ted in cases involving mineral rights since the mineral.law recognizes many possible persons as having real rights and as being owners. It is certainly preferable to treat the relationship between lessor and lessee as one arising out of the contract (which recognizes the true rela.tionship which exists) than to carry over the fictions which serve a purpose in other situations and create potentially insoluble puzzles in our law.

. C.C.P. art. 2087. We do not mean to infer that the Court of Appeal is correct in the application of C.C.P. art. 3662 to all judgments in cases in which a real action is proper. We do not reach that issue in this case.