CULPEPPER, Judge.
This case is before us by remand from the Louisiana Supreme Court, 381 So.2d 808. A complete history of the case is stated in the Supreme Court opinion.
In its original opinion rendered March 3, 1980, the Supreme Court held:
“Viewing the initial result reached by the court of appeal as correct, we now reverse the decision of the district court which dismissed on exceptions of no cause and no right of action and remand the case to the district court for trial on the merits.”
On applications for rehearing of its March 3, 1980 opinion, the Supreme Court rendered a per curiam opinion on April 9, 1980 stating:
“Applications for rehearing have been filed by respondents Pioneer Natural Gas Company, Royal Mineral Corporation and MBM Partnership. Although we find that the applications are essentially without merit and that our judgment herein reversing the Court of Appeal’s dismissal of relator’s appeal is correct, we nonetheless conclude that our affirming the Court of Appeal’s original judgment (a judgment which reversed the trial court) is inappropriate, primarily because the judgment in the Court of Appeal has never become final in that court.
“Accordingly, the applications for rehearing are denied but our judgment on original hearing is amended so as to pretermit review of the Court of Appeal’s original action and to remand the case to the Court of Appeal for further consideration.”
In compliance with the instructions from our Supreme Court on remand, we have given further consideration to our original opinion rendered on February 5, 1979. We reach the same result.
In our original opinion rendered on February 5, 1979, we treated this case as a possessory action, as it had been treated in the pleadings, the trial, the decision by the trial judge, and on appeal. We held the trial judge erred in sustaining the exception of no cause of action because plaintiff’s petition alleged all of the essential elements of a possessory action required by LSA-C. C.P. Article 3658. Furthermore, we held the trial court erred in sustaining the exception of no right of action on the grounds that plaintiff owned no interest in the leases. We decided the issue of ownership of plaintiff’s lease was tried and decided in a possessory action, contrary to the provisions of LSA-C.C.P. Article 3661 that ownership is not at issue in a possessory action.
The Supreme Court held that this is not a possessory action, but is instead an ordinary action to determine the rights of the parties under a mineral lease contract. Accordingly, we will reconsider the exception of no cause of action and the exception of no right of action, treating this case as an ordinary proceeding to determine the rights of the parties under the lease.
First, we will consider the exception of no cause of action. In its opinion, the Supreme Court briefly describes the allegations of plaintiff’s petition and the relief sought as follows:
“In this suit the relief sought by plaintiff against Pioneer has several objects. First, it would recognize that the lease is still in force. It also alleges that the lease should not be cancelled or treated as having been ended by prescription because plaintiff was prevented from carrying on operations on the lease because of blowouts which occurred, rendering it impossible to carry out further work on the leased premises, at least until the blowout could be brought under control or would bridge over, thus shutting itself off. This, plaintiff claims, brings into operation the Force Majeure clause of the leases which would relieve it of the obligation to operate the lease during such period. Additionally, plaintiff seeks damages caused from the action of lessor by treating the lease at an end and giving a subsequent lease to other parties, thereby causing economic loss to plaintiff. Plaintiff also seeks payment of damages from the other parties, i. e. payment for loss arising from the wrongful action of these *23 parties resulting in a loss of profits which should be paid or should have been paid to plaintiff from any minerals produced from the tract affected by the lease.”
In considering the exception of no cause of action we must accept as true all of the factual allegations of plaintiff’s petition. Clearly, a cause of action is alleged. We have no difficulty in concluding the trial court erred in sustaining the exception of no cause of action.
We now consider the exception of no right of action, which is more complex. In our original opinion rendered on February 5, 1979, we cited Guillory v. Nicklos Oil & Gas Company, 315 So.2d 878 (La.App. 3rd Cir. 1975), which holds:
“The function of the peremptory exception of no right of action is to provide a threshold device for terminating a suit brought by one without the legal capacity to file it or without the legal interest to assert it.
* * He * * *
“The exception of no right of action is not available to urge a defense to the effect that plaintiff is without interest simply because defendants have a defense to the action. Alside Supply Company v. Ramsey, 306 So.2d 762 (La.App. 4th Cir. 1975); Bielkiewicz v. Rudisill, 301 So.2d 136 (La.App. 3rd Cir. 1967).”
In the present case, the legal capacity of the plaintiff to file this suit is not questioned. Defendants’ argument is that the lease in question, dated November 6, 1969, is for a term of two years and “as long thereafter as oil, gas or other mineral is produced from said land or land with which said land is pooled hereunder.” Defendants then point to the provision of the lease that:
“5. ... if after the discovery of oil, gas, sulphur or other mineral, the production thereof should cease for any cause, this lease shall not terminate if lessee commences operations for additional drilling or reworking within sixty days thereafter. ...”
Under the above quoted provisions of the lease, defendants argue evidence introduced at the hearing on the exceptions in the trial court shows that production commenced during the primary term, but that it ceased on November 17, 1974 for more than 60 days without the lessee commencing operations for additional drilling or reworking. Plaintiff contends that although production ceased for over 60 days, the “force maj-eure” clause relieved it of drilling or reworking operations within the 60 days. Thus, the essential issue in this case is whether the “force majeure” clause relieved plaintiff of the obligation to commence drilling or reworking within 60 days after cessation of production. Clearly, plaintiff has a sufficient legal interest to sue on a cause of action in which the substantial issue is whether the lease has terminated. Plaintiff is the record owner of the lease. If it has not terminated, it will remain the record owner. Defendant’s contention that the lease has terminated is a defense which should be urged by answer and tried on the merits. Guillory v. Nicklos Oil & Gas Company, supra; Alside Supply Company v. Ramsey, supra.
We are supported in this view by the statement of the Supreme Court in its original opinion rendered March 3, 1980 that: “Viewing the initial result reached by the Court of Appeal “as correct, we now reverse the decision of the district court which dismissed on exceptions of no cause and no right of action and remand the case to the district court for trial on the merits.”
As regards the motion to dissolve the writ of sequestration, we adopt the reasoning and the ruling in our original decision of February 5,1979 that the writ of sequestration should not have been dissolved by the district judge.
In view of our decision that the exceptions of no cause of action and of no right of action must be overruled, and that the case must be remanded for trial on the merits, it is unnecessary to consider plaintiffs’ argument that our February 5, 1979 judgment became final because defendants did not apply for a rehearing in our Court after the case was remanded to us by the Supreme Court. Our February 5,1979 deci *24 sion overruled the exceptions and remanded the case for trial. Thus, the result is the same, even if our February 5, 1979 decision did become final.
For the reasons assigned, the judgments appealed are reversed and set aside. It is now ordered, adjudged and decreed that the exceptions of no cause of action and of no right of action filed by the defendants are overruled, and the motions to dissolve the writ of sequestration are denied. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendants-appellees. Assessment of costs in the trial court must await a final judgment there.
REVERSED AND REMANDED.