PROVOSTY, J.
The Lescale-Schwartz Lumber Company, Limited, was proceeding to liquidate its affairs by judicial proceedings, and a liquidator chosen by the stockhold *719 ers had been appointed by tbe court, and an inventory of the property of tbe company bad been made, and all the property so inventoried had been advertised for sale, when the defendants, who were creditors of the company, filed petitions asking that the sale be enjoined, that the. liquidator be set aside, and that a receiver be appointed in his place. As reasons why this should be done they made allegations of gross fraud on the part of the officers and directors of the corporation. The present plaintiff, Dr. Lescale, was specially named as one of the officers and directors who had participated in the frauds. Thereupon he filed the present suit, claiming that the allegations thus made against him were defamatory, and were made, not because in any way necessary to the suit in which they were made, but through malice towards him, for the purpose of injuring him; the parties making them well knowing, not only that they were false, but that they were not even supported by probable cause. Defendant excepted that the allegations were privileged, they having been made in the course of judicial proceedings and having been material to the issue, and that therefore plaintiff’s petition did not show a cause of action. This exception was sustained by the trial court, but was overruled by this court; this court holding that a defamatory allegation in a judicial proceeding is actionable, though material to the issue, if false and malicious and made without probable cause. 40 South. 708, 116 La. 293.
The case was remanded for trial on the merits, and it has now been tried, and been decided in favor of defendants, and plaintiff has appealed.
While plaintiff has shown that the allegations were unfounded as to him, he has failed to show, we think, that even as to him they were made without probable cause.
In the oral argument counsel for plaintiff abandoned the suit against all the very numerous defendants except Patterson & Co.
The evidence shows that Patterson & Co. had a claim of some $300 against the Lesea leSehwartz Lumber Company for goods sold to the company, and that they placed this claim in the hands of their attorney, Mr. Zunts, for attention, and that Mr. Zunts, in making the allegations in question, acted, not on information furnished him by his clients, but on information gathered by himself ; that he made a careful and painstaking investigation, as the result of which he ascertained that the corporation had been, and was being, outrageously spoliated by its officers, and that the same officers were planning to manipulate the liquidation in such manner that the creditors should get nothing. True, the evidence now shows that Dr. Lescale took no part in this wrongdoing; but he was a director, and the secretary of the company, and had been participating actively in its affairs; and under all these circumstances Mr. Zunts was entirely and clearly justified in believing that he was equally concerned with his fellow directors in the wrongdoing. To review the whole voluminous evidence would serve no useful purpose. The allegations were made in perfect good faith, and without a shadow of malice, and on the most ample probable cause. Plaintiff has therefore failed entirely to make out his case.
Judgment affirmed.