Defendant-appellee has petitioned for a rehearing in this matter. Plaintiff-appellant, alleging that the application is purely formal and does not point out specifically any error in the opinion and decree, as *Page 542 
provided in Article 912 of the Code of Practice and Rule X of this court, moved for a dismissal of the application without consideration.
In the petition for rehearing, defendant complains of three errors, viz.:
"1. That the Court is in error in reversing the judgment of the District Court, particularly on questions of fact.
"2. That the Court is in error in awarding judgment to the plaintiffs in suit and especially in penalizing the defendants double the amount claimed.
"3. That the Court is in error (in) failing to give to defendants credit for the amount of rent due and owing by Hubert S. Sheffield, one of the plaintiffs herein."
We cannot agree with plaintiff's contention that the petition for rehearing does not meet the requirements of the cited article of the Code of Practice, or of our rules. C. P. art. 912 reads as follows:
"In the interval between the day on which the judgment is rendered and that on which it becomes final, a party dissatisfied with the judgment may apply to the court for a new hearing in the cause, and for this purpose shall present a petition, in which he shall state substantially the reasons for which he thinks the judgment erroneous, and shall cite the authorities in support of his opinion."
The pertinent part of our Rule X provides:
"* * * The application for rehearing shall be made by petition, filed within the legal delay and containing a statement of the points of law and fact upon which it is founded. * * *"
We think that the petition sets forth with particularity and precision three substantial reasons why defendant believes the judgment to be erroneous, and upon which it relies for a new hearing. Moreover, the petition is accompanied by an amplifying brief. The motion to dismiss the petition for rehearing is denied.
We perceive no merit in grounds 1 and 2 of the petition, but the third assigned ground of error is serious and appears to be valid. However, rather than to grant a rehearing, we believe that justice can be done by proper amendment of our decree. An appellate court, without granting a rehearing, may correct an oversight or an error patent on the face of the record. Jaenke v. Taylor, 160 La. 109, 106 So. 711.
Defendant, in its answer, alleged that plaintiff, Hubert S. Sheffield, owed certain rent for 4309 Van Avenue, and, assuming the role of plaintiff in reconvention, prayed for judgment therefor. In the alternative, defendant alleged that should plaintiff recover, then the amount of the judgment should be offset by the rent owed to defendant by Sheffield.
We notice on page 31 of the transcript that Sheffield admitted owing defendant $162.00 (rental for the months of January, February, and March, 1945, at $54.00 per month), which accrued after the period in which the overcharges occurred. Plaintiff's judgment should be compensated pro tanto by the amount which Sheffield admitted he owed defendant. See Rev. Civ. Code, arts. 2207, 2208, and 2209.
It is ordered that our decree herein be amended so as to read as follows:
The judgment appealed from is reversed, insofar as it dismissed plaintiff's demands, and it is now ordered, adjudged, and decreed that plaintiff, Hubert S. Sheffield, on his own behalf and on behalf of his ten principals, have judgment against Harry B. Rainold and Archer G. Van Denburgh, in their capacities of liquidators of Jefferson Parish Developers, Inc., for the full sum of $3,473.20 (subject, however, to a credit of $162.00, being the amount of rent due by Hubert S. Sheffield to Jefferson Parish Developers, Inc.) with legal interest from judicial demand until paid, and with twenty per cent thereon as attorney's fees; in all other respects, the judgment appealed from is affirmed; costs of the lower court and of this court are to be borne by the liquidators.
The application for the rehearing is refused.
Decree amended; rehearing refused. *Page 543