HARDY, Judge.
Plaintiff brought this suit seeking judgment declaring the nullity of a deed executed by herself and husband to defendant and further decreeing plaintiff to ■ be the owner of certain described property in Caddo Parish, Louisiana. After trial there was judgment in favor of defendant rejecting plaintiff’s demands, and further judgment for defendant as plaintiff in recon-vention, and against plaintiff, defendant in reconvention, in the sum of $390, together with $20 per month from date of September 10, 1951, until the property in question should be vacated by plaintiff. The judgment in favor of defendant, as plaintiff in reconvention, represented rent claimed against plaintiff for the use and occupancy of the property in question. From this judgment plaintiff has appealed.
The facts surrounding the transaction which is the basis of this claim are clearly established. By instrument of date May 29, 1947 Porter L. Larey and wife, Mamie Clark Larey, plaintiff herein, deeded the property described as being Lot 4, Unit 1, Winter Garden Subdivision, Caddo Parish, Louisiana, to William J. Meier, the defendant in this suit. The recited consideration for the execution of the deed was the sum of $525 cash, which was advanced by the defendant to Larey and his wife and used for the purpose of paying off two past-due mortgages upon the' property. *554 Contemporaneously with the execution of the deed Meier executed a right of redemption which granted the Lareys the privilege of redeeming the property by reimbursing Meier for the money advanced, together with interest and expenses, on or before May 29, 1949. Plaintiff and her husband were divorced by judgment of the County Court of Montgomery County, Texas, on April 13, 1949. The redemption period granted by the collateral agreement above mentioned, expired on May 29, 1949 without exercise of the right, but on May 30, 1949 defendant executed a new right of redemption in favor of plaintiff, a femme sole, which extended the redemption period to May 29, 1950. Subsequent to the execution of this agreement plaintiff made some payments to defendant, not, however, in accordance with the terms of the redemption or option agreement which expired on May 29, 1950 without being fulfilled by any payment or tender of payment of the amount, or balance of the amount, then due to defendant.
As ground for relief plaintiff alleges that sometime prior to May 30, 1950, that is sometime in the spring of that year, the exact date not being recalled, plaintiff’s sister, a resident of Mississippi, telephoned the defendant and made an effort to secure an appointment with him, allegedly for the purpose of paying the balance due defendant by this plaintiff and securing deed to the property; that defendant refused to make an appointment with plaintiff’s sister for the purpose of-effecting the redemption. Plaintiff further alleged that under date of December 3, 1951 a registered letter was addressed to defendant in which plaintiff’s attorney tendered payment of all amounts due defendant but which offer was not accepted. Plaintiff alleges tender of the amount due.
Further allegations of plaintiff’s petition averred that the original instrument of May 29, 1947 was in fact a contract of security and was not intended by the parties to evidence a bona fide sale of the property; that the consideration of $525 recited in the instrument represented monies advanced by defendant for the benefit of plaintiff and her then husband and were not considered as the purchase price, and, finally, that on May 29, 1947 the property had a value in excess of $1,200.
Defendant interposed an exception of no right or cause of action predicated upon two contentions; first, that plaintiff offered no evidence in support of her allegation of the judgment of divorce from her husband and the granting of all his rights in the property which is here at issue. In brief counsel for defendant argues that the trial court held in oral opinion on the merits that the exception was good, but since the decree is silent on this point we, of course, must assume that it was overruled. The second ground upon which the exception was predicated is based upon the contention that a promise to sell merely gives rise to the right to enforce specific performance and that plaintiff has failed to assert such a right by reason of the fact that she sues to be declared the owner of the property in question.
In answer defendant denied generally the material allegations of plaintiff’s petition and further affirmatively asserted that plaintiff’s breach of the agreement of May 30, 1949 and her default thereon, effectively terminated her rights under the agreement.
 Proceeding to a consideration of the exception of no cause and no right of action which is re-urged on this appeal, it seems clear to us that the position of defendant is untenable. The agreement which is here sued upon, that is, the option or right of redemption, was executed by defendant in favor of this plaintiff, a fem-me sole, and defendant cannot now be heard to contend that plaintiff should have been required to allege and prove the divorce and the acquisition of all rights in and to the property. Neither do1 we think the objection directed at the nature of plaintiff’s action is persuasive. True, plaintiff could have brought suit for specific performance, but it is to be observed that she here urges her rights under the agreement to repurchase and contends, for the annulment of the original deed to the defendant and a decree recognizing her as owner of the property involved. This is simply a matter of choice between two *555 methods of procedure, either of which is permissible and either of which, if established, would entitle plaintiff to the relief sought. For these reasons we think the exceptions should have been overruled.
We think the issues raised are easily disposed of by a consideration of the conditions specifically set forth in the instrument which provided for the right of redemption by this plaintiff, and which provisions we quote as follows:
“Now, therefore, I, William J. Meier, do hereby give and grant to Mamie Clark Larey, a femme sole, the right, privilege and option to repurchase the said property from me, or my assigns, on or before the 29th day of May, 1950 at a price of $490.00, plus 8% per annum interest from date until paid, plus taxes and insurance actually paid by me on the property with 8% interest from date until I am reimbursed.
I will permit Mamie Clark Larey to make monthly payments tozvard principal and interest in the minimum sum of $25.00 per month, provided default is not made in any of said monthly payments for more than thirty (30) days, and provided that if she does not make full payment of the above indebtedness •with 8% per annum interest thereon •within one (1) year from date hereof, then this option and right to repurchase shall be null and void and of no further force or effect, and any payments zvhich might be paid to me short of the full sum due shall be con-t sidered and admitted to be rental of the property and liquidated damages.”
Reference to plaintiff’s petition discloses admitted defaults on her part, particularly a repeated failure to make monthly payments as provided, and failure to make full payment of the indebtedness set forth within one year from the date of the instrument. By its terms the instrument is rendered null and void by failure on the part of this plaintiff to comply with its terms and conditions.
The defaults which are apparent from reference to the petition itself, together with others, are conclusively established by the testimony adduced on trial.
It appears that plaintiff contends that she was denied the right of redemption by reason of defendant’s refusal and neglect to permit plaintiff’s sister to make payment of the amount due. In this connection we call attention to the fact that the testimony of the sister was taken by deposition which does not appear to have been offered in evidence and which was specifically excluded by ruling of the trial court. Examination of the record convinces us that plaintiff has completely failed to satisfactorily discharge the burden of proof in this respect.
By reason of our conclusions that this case may be disposed of by a consideration of the facts with reference to the instrument which is the basis of the suit, we think it unnecessary to discuss the nature and legal character of the original instrument of conveyance, that is, with respect to whether it should be considered as a deed with a right of redemption or simply as evidence of security for the return of money paid to or for the vendor.
Defendant charged, and the record abundantly establishes the fact, that this plaintiff was guilty of numerous defaults which constituted breaches of the written agreement. Since the agreement of itself provided that it should be rendered null, void and of no effect by reason of breach or default on the part of plaintiff, it follows that she has lost any rights with which she was originally vested.
Defendant’s reconventional demand is predicated upon the provision in the instrument to the effect that payment of less than the full sum required for complete redemption should be considered as rental for the property and in the nature of liquidated damages. The testimony in the record supports defendant’s contention that payments made by plaintiff were considered as payments of rental and that the monthly payments which were construed as rental payments were reduced from $25 to $20 per month. The evidence is clear that plaintiff was obligated to defendant in the sum of $390 for past-due rentals as of September 10, 1951, and the judgment in favor of defendant in this amount together with a judgment for continuing rental at the rate of $20 per month from September 10, *556 1951 until the property be vacated by plaintiff, is clearly correct.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.