226 So.2d 580 (1969)
AMERICAN BANK & TRUST COMPANY, Plaintiff-Appellant,
v.
Frank FRENCH, Defendant-Appellee.
No. 7752.
Court of Appeal of Louisiana, First Circuit.
July 2, 1969.
Rehearing Denied September 26, 1969.
*582 Sanders, Miller, Downing & Kean, by Julian Clark Martin, Baton Rouge, for plaintiff-appellant.
Arthur Cobb, Baton Rouge, for defendant-appellee.
Before LANDRY, SARTAIN, and MARCUS, JJ.
SARTAIN, Judge.
Plaintiff, American Bank & Trust Company (American Bank), appeals from a judgment of the district court which sustained defendant's "Exception of No Right and No Cause of Action", resulting in the dismissal of plaintiff's suit at its costs. Plaintiff has appealed devolutively from this judgment.
For reasons hereinafter stated we are of the opinion that the trial judge committed error when he sustained the exception and dismissed plaintiff's suit.
It is necessary to state briefly the chronology of events leading up to the instant appeal. Initially, this suit was instituted by plaintiff as the holder in due course of one certain promissory note made and executed by the defendant on August 23, 1968 in the principle amount of $9,367.22, dated January 13, 1968, and payable one (1) year after date. The petition alleges that when the security given for the note "declined in value or became impaired" the note matured when defendant failed to furnish additional security.
On or about January 13, 1968, defendant and his wife, Rosina French, were the joint owners of a savings account of $9,126.98 with the American Bank. When the note was signed, the defendant executed an assignment of this savings account to secure the note. The assignment provided, inter alia, that upon default in payment the bank, as assignee, was authorized to apply the funds of the savings account to the payment of the note. On March 11, 1968 Rosina French, defendant's wife, withdrew the entire balance from the savings account. At this time she and defendant were separated. Shortly thereafter defendant learned of this withdrawal and complained to the bank. The bank responded by making demand upon defendant to replenish the security. The defendant refused hence this action was brought prior to the anniversary date of the note on the grounds that the note had matured because of defendant's failure to provide the additional security.
The defendant filed an answer in the form of a general denial on September 19, 1968 and also a reconventional demand alleging that the bank committed an error and mistake when it permitted his wife to withdraw funds from the savings account. He contended that because of this "mistake and negligence and error" on the part of the bank, it could not institute suit "at this time". Defendant further alleged embarrassment, humiliation and aggravation of a psychological condition causing him mental anguish and pain. He prayed for a money judgment against the bank in the amount of $25,000 and trial by jury.
*583 The answer to defendant's reconventional demand was timely filed. Subsequently, plaintiff filed an amended petition alleging that the community of acquets and gains formerly existing between defendant and his wife owned property sufficient to satisfy the note and that the sale of property between the Frenches dated July 18, 1968 resulting in the alienation of the balance of Mr. French's estate was a simulation and therefore null and void. Mrs. French was then made a party defendant and the original petition was amended praying for judgment against both Frank French and his wife, Rosina French.
Motions for summary judgments were entered by both plaintiff and defendants.
On November 19, 1968 defendant, Frank French, filed the instant "Exception of No Right and No Cause of Action" the grounds for which are stated entirely in the following paragraph:
"Defendant Frank French excepts to plaintiff's petition on the grounds of no right and no cause of action in that plaintiff had no right to institute proceedings against defendant at the time that it did and therefore had no cause of action against defendant at said time except for its own action by committing the error that it did giving it allegedly greater rights; plaintiff did not have a right or cause to sue defendant and plaintiff cannot give itself a right and/or cause to sue defendant by its own error and misconduct." (Emphasis ours)
The minutes of the court of December 9, 1968 reveal that the exceptions were argued by counsel, submitted to the court, whereupon, "for oral reasons assigned the peremptory exceptions of no cause and no right of action are maintained and plaintiff's suit is dismissed at its costs." The judgment signed on December 11, 1968 reflects that the "Exception of No Right of Action" is sustained and the suit of plaintiff dismissed at its costs.
Plaintiff urges that the trial judge committed error in sustaining Mr. French's exception of no right of action. Plaintiff asserts that because the exception contained the language that "plaintiff had no right to institute proceedings against defendant at the time that it did" it is in effect a dilatory exception of prematurity. Plaintiff argues that even though the exception was styled and entitled "No Right and No Cause of Action" it did not in and of itself raise such an objection. Bellow v. New York Fire and Marine Underwriters, Inc., 215 So.2d 350 (3d La. App., 1968), is cited for the well settled rule that pleadings are taken for what they really are and not for what their authors designate them to be. It is in fact an assertion that the maturity date of the note was improperly accelerated by permitting the disminishment of the security. Therefore, plaintiff urges that the exception, being dilatory and directed at the objection of prematurity, could not be raised after answer was filed. (C.C.P. Art. 928).
While the exception filed by Mr. French may contain overtones of prematurity, we do not view it as a dilatory exception urging prematurity alone. For if we did, we would have to dismiss plaintiff's suit (C.C.P. Art. 933) and we do not think that this course of action is warranted by the facts of this case. Plaintiff instituted this suit claiming that the note had matured. Defendant answered the suit claiming that the act which plaintiff contends accelerated the maturity date of the note was brought about through the error and negligence of the defendant. Both plaintiff and defendant are entitled to be heard on these complaints because there are divergent opinions on the part of both parties concerning the release of these funds. We will not express an opinion on this point at this time. The legal consequences of the release of the funds *584 cannot be determined until all facets of this event are made known.
This brings us now to defendant's exception of "No Right and No Cause of Action" and plaintiff's second argument that an exception of no right of action cannot be used to raise an issue as to whether or not the law affords a remedy to any one for a particular grievance. Stated another way, may the defendant raise the affirmative defenses of estoppel, error and mistake (C.C.P. Art. 1005) through the peremptory exception of no right of action (C.C.P. Art. 927)? We think this point is well taken and the trial judge was in error in dismissing plaintiff's suit on a peremptory exception whether it was no right of action or no cause of action because such a judgment is final and sanctions the dismissal of plaintiff's suit with prejudice. (C.C.P. Art. 934) Plaintiff rightfully urges that the answer of Frank French when read in connection with his petition in reconvention sets forth affirmative defenses of estoppel, error and mistake which defenses must be specially pled. Commercial Credit Corp v. Gaspard Motors, Inc., 147 So.2d 884 (3d La.App., 1963); Levy v. Bonfouca Hunting Club, 136 So.2d 567 (1st La.App., 1961).
Since the peremptory exception filed by Mr. French was entitled "No Right and No Cause of Action" and the minute entry relative to the disposition of this exception contains this dual appellation, we deem it necessary to comment briefly on the difference between the exception of no cause of action and the exception of no right of action.
Since the judgment that was signed is silent as to the objection of no cause of action, we feel justified in presuming that the latter objection was overruled. Larey v. Meier, 61 So.2d 553 (2d La.App., 1953). If there be any doubt as to which objection the trial judge acted on we may notice, ex proprio motu, whether or not plaintiff's petition states a cause of action. Duke v. Gregory-Salisbury and Company, 205 So.2d 858 (4th La.App., 1968).
The peremptory exception of no cause of action is used to raise the issue as to whether or not the law affords a remedy to plaintiff for the particular grievances alleged in the petition. It is axiomatic that well pleaded facts in the petition and as may be contained in the documents annexed thereto are accepted as true. Ducote v. City of New Orleans, 176 So.2d 198 (4th La.App., 1968). No evidence may be admitted at any time to support or controvert this exception. (C.C. P. Art. 931).
On the other hand, a peremptory exception of no right of action is to provide a threshold device for terminating a suit brought by a plaintiff who has no legal interest to do so. Bielkiewicz v. Rudisill, 201 So.2d 136 (3d La.App., 1967). It may contest the right of plaintiff to institute suit or stand in judgment, Hand v. Coker, 11 So.2d 272 (Orl.La.App., 1942); or to raise every question which has any bearing on whether the plaintiff lacks ownership or interest in the claim, Wheeler v. Rodriguez, 13 La.App. 97, 126 So. 715 (Orl.App., 1930); or whether the plaintiff is under some disability which prevents the suit, such as minority, interdiction, etc., Riche v. Ascension Parish School Board, 200 So. 681 (1st La.App., 1941). Simply stated the exception of no right of action tests the capacity of the plaintiff.
With the above distinction between these two peremptory exceptions in mind, we conclude that the trial judge acted upon the exception of no right of action and apparently concluded that the acts of the bank in releasing the security *585 to the wife of the defendant constituted a valid defense. The affidavit, amended petition, and other evidence offered by plaintiff clearly raises an issue as to whether or not the bank's alleged error or misconduct is such as to estop it from bringing this action. These well pleaded facts are sufficient to overcome a peremptory exception of no right of action.
Accordingly, for the above and foregoing reasons the judgment of the district court sustaining defendant's, Frank French, peremptory exception of no right of action is hereby reversed and set aside and this matter is remanded to the district court for trial on the merits.
Reversed and remanded.

APPLICATION FOR REHEARING
PER CURIAM.
Plaintiff-appellant, American Bank & Trust Company, in its application for a rehearing has called to our attention the fact that our original opinion is silent as to the assessment of costs.
This was an obvious oversight on our part which we feel can be corrected by amending our original opinion as the costs of the appeal should have been assessed against the unsuccessful defendant-appellee. See: Jaenke v. Taylor, 160 La. 109, 106 So. 711 (La.Sup.Ct., 1926); Sheffield v. Jefferson Parish Developers, Inc., 38 So.2d 541 (Orl. App., 1949); and, Treadaway v. Williams, 163 So.2d 911 (4th La.App., 1964).
Accordingly, for the above and foregoing reasons our original opinion is amended to provide that the costs of this appeal are to be borne by Frank French (defendant-appellee). All other costs are to await final determination on the merits.
Decree amended; rehearing refused.