345 So.2d 1212 (1977)
BAMBER CONTRACTORS, INC.
v.
HENDERSON BROTHERS, INC., et al.
No. 11236.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
*1213 Charles W. Lamar, III, Gordon A. Pugh, Breazeale, Sachse & Wilson, Baton Rouge, for plaintiff.
James H. Kuhn, Louis D. Bishop, Jr., DeQuincy, Fayard, Morrison, Fayard & Kuhn, Denham Springs, for defendant.
Before LANDRY, EDWARDS and COLE, JJ.
COLE, Judge.
Plaintiff-appellant, Bamber Contractors, Inc., appeals the judgment maintaining an exception of "no right or cause of action" filed by defendant-appellee, Henderson Brothers, Inc., resulting in the dismissal of this action in redhibition as to said defendant. The procedural posture of the record reflects that proper venue as to the remaining defendant, McLeod Brothers Contractors, remains a trial court issue but is correlated to the validity of the dismissal of Henderson Brothers.
The trial court heard evidence on the pleading in which the two objections were raised. It is clear that this was permitted only as the evidence may have related to the plaintiff's right of action. However, the judgment rendered on the pleading sustained "the exception of no right or cause of action" without indicating which of the two objections raised by the peremptory exception was being upheld by the court or whether both were valid. La.-C.C.P. art. 927(4) and (5).
It is highly improbable that the trial court intended to sustain the "no cause of action" aspect of the pleading filed by Henderson Brothers. The facts alleged strongly foreclose such a possibility. Also, for us to conclude that this was done would be to ascribe error if the court did consider the evidence in support thereof, and we do not believe such error was committed. La.-C.C.P. art. 931. Only for the sake of clarification and to bring into focus the contrasting theory applicable to the peremptory exception when utilized to raise the objection of no right of action do we also discuss the facts and law applicable to this exception when used to raise the objection of no cause of action.

NO CAUSE OF ACTION
In the instant case, the plaintiff's petition clearly states a cause of action for redhibition. La.-C.C. art. 2520, et seq. In substance, it alleges the following essential facts:
Plaintiff purchased a tractor from Henderson Brothers. Shortly thereafter a mechanical problem developed necessitating costly repairs. Other serious mechanical deficiencies were then revealed. Further *1214 substantial sums were expended to either repair the tractor or to disassemble it to determine the cause of failure. The cost of further repairs to the tractor is prohibitive and it has been rendered useless. Plaintiff has tendered the return of the tractor to the defendant. Finally, the defects in the tractor are redhibitory in nature.
The "Exception of No Cause or Right of Action" of Henderson Brothers is based upon the contention that:
"[T]he plaintiff states no cause or right of action in that the defendant, Henderson Brothers, Inc., owes no warranty in the sale of the matter, as they were acting solely as the agents of McLeod Brothers Contractors."
This "exception" in effect asserts that Henderson Brothers is not liable in redhibition to the plaintiff as a matter of law.
The peremptory exception raising the objection of no cause of action is utilized to raise the question of whether the plaintiff's petition alleges a particular grievance for which the law affords a remedy to anyone. La.-C.C.P. art. 927(4); Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); American Bank & Trust Company v. French, 226 So.2d 580 (La.App. 1st Cir. 1969); McMahon, "Parties Litigant in Louisiana," 11 Tulane L.Rev. 527 (1937).
The well-pleaded facts of the petition are accepted as true for the adjudication of the peremptory exception raising the objection of no cause of action; all doubts are resolved in favor of the sufficiency of the petition. American Bank & Trust Company v. French, supra; Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir. 1967).
No evidence is admissible at any time to support or defeat the peremptory exception raising the objection of no cause of action. La.-C.C.P. art. 931; American Creosote Company v. Springer, 257 La. 116, 241 So.2d 510 (La.1970); American Bank & Trust Company v. French, supra.
For the foregoing reasons, it is readily apparent that the facts alleged by the plaintiff which must be accepted as true for the purposes of the exception do set forth a cause of action. The thrust of Henderson Brothers' contention suggests that the procedural vehicle afforded by Louisiana Code of Civil Procedure Article 966 (motion for summary judgment) is appropriate to test the position interposed against liability. Certainly, the use here of the objection of no cause of action is a prostitution of its purpose.

NO RIGHT OF ACTION
Louisiana Code of Civil Procedure Article 927(5) provides for the inclusion of "[n]o right of action, or no interest in the plaintiff to institute the suit" as one of the specific objections to be raised by the peremptory exception. The essential function of this objection has been succinctly stated and restated by the courts of this state. The objection of no right of action is used to raise the question of the plaintiff's interest in the subject matter of the litigation. Stated another way, the objection of no right of action raises the question of whether a remedy afforded by the law can be invoked by a particular plaintiff. It relates specifically to the person of the plaintiff. Gaudet v. Board of Commissioners for Pontchartrain Levee District, 339 So.2d 931 (La.App. 4th Cir. 1976); Alside Supply Company v. Ramsey, 306 So.2d 762 (La.App. 4th Cir. 1975); Lake Charles F.F.A.L.U. No. 561 v. City of Lake Charles, 255 So.2d 372 (La.App. 3rd Cir. 1971); Willis v. State, 212 So.2d 555 (La.App. 1st Cir. 1968); Bielkiewicz v. Rudisill, supra; American Bank & Trust Company v. French, supra. See generally, McMahon, Louisiana Practice, Vol. I, pp. 459-460 (1939).
As set forth in Bielkiewicz v. Rudisill:
"The want of interest raised by the exception relates primarily to whether the particular plaintiff falls as a matter of law within the general class in whose favor the law grants the cause of action sought to be asserted by the suit, with the factual evidence admissible being restricted as to whether this particular plaintiff does or does not fall within the general class having legal interest to sue *1215 upon the cause of action asserted. * *
"In short, the objection of no right of action raises the question of whether the plaintiff has a legal interest in the subject matter of the litigation, assuming (for purposes of deciding the exception) that a valid cause of action is pleaded by the petition. * * *" (201 So.2d at 142)
By means of what is actually the peremptory exception raising the objection of no right of action, Henderson Brothers, Inc., seeks to present evidence to disprove certain allegations of the plaintiff's petition. It is immaterial that the defendant may have a valid defense to the plaintiff's claim. As stated in Bielkiewicz, supra:
"* * * [T]he exception [sic] of no right of action is not available to urge a defense to the effect that the plaintiff is without interest simply because the defendants have a defense to the plaintiff's action."
See, also, Alside Supply Company v. Ramsey, supra.
In the instant case, the plaintiff's petition sufficiently places plaintiff in the class of persons for whose interest the cause of action stated is provided. The petition basically alleges that the plaintiff purchased a piece of machinery from Henderson Brothers, Inc., and that the machinery contained redhibitory defects which entitled the plaintiff to a rescission of the sale. Clearly, a purchaser has a legal interest in a suit for the redhibition of a sale to which he is a party.
The evidence presented to show that Henderson Brothers, Inc., was merely an agent of McLeod Brothers Contractors does not pertain to the plaintiff's interest in the cause of action and is, therefore, not relevant. The alleged basis of the exception filed is not properly the subject matter for the objection of no right of action, but properly addresses the issue of defendant-appellee's liability. As such, it is a matter of defense to be presented on the merits or to be preliminarily raised by a motion for summary judgment. Consequently, we do not here concern ourselves with the issue of whether an agent of a seller is liable in a suit for redhibition. See e. g., Castille v. Folck, 338 So.2d 328 (La.App. 3rd Cir. 1976); Wiltz v. Dixie Auto Sales, Inc., 315 So.2d 811 (La.App. 3rd Cir. 1975).

SUMMARY
This case demonstrates the confusion which arises from the filing of a pleading entitled "Exception of No Right or Cause of Action." Properly speaking, there is no such exception. Upon the election of exceptor, it should be treated as either the peremptory exception raising the objection of no right of action or as the peremptory exception raising the objection of no cause of action. Discernment by the court of whether both objections are being presented or if only one of them is being urged should not await and be conditioned upon evidentiary considerations or counsel's argumentative ability. As phrased, it is ambiguous and could be interpreted as presenting either objection, or as presenting both objections.
We recognize that the practitioners of Louisiana have utilized the mongrelization of the two concepts for many decades. Further, the courts have often added to the confusion and have given comfort to the instant procedure by not using correct terminology, by failing to make the necessary distinction and by not insisting upon proper pleadings. The hybrid nature of the pleading at issue herein detracts from the distinctive purpose and clarity of the respective objections which may be raised by the peremptory exception. If a situation should call for urging both the plaintiff's lack of interest in the subject matter of the litigation and the absence of a grievance for which the law affords a remedy to anyone, it is preferable to state the objections separately and for the court to treat them separately.
Our Code of Civil Procedure, Articles 921, et seq., adopts a format which strongly suggests the appropriate terminology for pleading exceptions. Article 922 recognizes *1216 and allows only three exceptions, to-wit, the declinatory exception, the dilatory exception, and the peremptory exception. Articles 925, 926 and 927 set forth various non-exclusive objections which may be raised through the three allowable exceptions. Article 923 denotes functions of the three exceptions. Article 924 requires that exceptions "* * * shall state with particularity the objections urged and the grounds thereof, and shall contain a prayer for the relief sought." Also, in pari materia, is Article 1152 which addresses the amendment of the aforesaid three exceptions as regards an objection. Obviously, the pleading in this case should have been designated simply as "Peremptory Exception." Any objection sought to be raised through the exception would then be subject to the mandatory requirements of Article 924.
For the foregoing reasons, the judgment of the trial court is reversed, and the matter is remanded for further proceedings. The costs of this appeal are assessed to the appellee.
REVERSED AND REMANDED.