GULOTTA, Judge.
Plaintiff, a sheet metal worker, appealing contends the trial judge erred in dismissing, on an exception of no right of action, his tort suit against defendant, the operator of a grain elevator, for damages sustained while installing antipollution sheet metal dustcovers.
The basis of the trial judge’s action is that defendant is a statutory employer under LSA-R.S. 23:1061 and plaintiff’s exclusive remedy is in workmen’s compensation.[1] In written reasons, apparently based on affidavits filed by plaintiff and defendant in connection with a motion for summary judgment, the trial judge stated:
*539 “Action for damages met by exceptions. Plaintiff was doing work that was part of Farmers Export Company’s trade business and occupation. Farmers Export is a statutory employer, and, as such, is liable to plaintiff for workmen’s compensation only.”
Although the trial judge dismissed plaintiff’s suit on an exception of no right of action, he specifically denied defendant’s motion for summary judgment. An exception of no cause of action was not passed upon because no necessity existed for the trial court to do so in view of his action dismissing plaintiff’s suit on no right of action.
Raised in this appeal is the propriety of the trial court’s judgment maintaining the exception of no right of action. Although the exception of no cause of action was not passed upon, our examination of the petition leads to a conclusion that a cause of action is alleged. In paragraph III. of the petition, plaintiff alleges:
“Petitioner further shows that said work which was contradicted to Carter-Day, did not form a part of the usual trade, business or occupation of defendant Farmers Export Company.”
See American Bank & Trust Company v. French, 226 So.2d 580 (La.App. 1st Cir. 1969).
Furthermore, based upon the affidavit attached to the motion for summary judgment and the contradictory countervailing affidavit attached to the opposition to the motion, the trial judge properly denied the motion for summary judgment because of the existence of a genuine issue of material fact.
Now turning to the central issue, we recognize the well settled rule that evidence may be considered on an exception of no right of action for the purpose of showing that plaintiff does not possess the right or legal interest he claims or that his right or capacity to assert the claim does not exist. See Roy O. Martin Lumber Co. v. Saint Denis Securities Co., 225 La. 51, 72 So.2d 257 (1954); Babineaux v. Pernie-Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972); Bartholomew v. Impastato, 12 So.2d 700 (La.App.Orl.1943); American Bank & Trust Company v. French, supra.
Whether or not plaintiff possesses the right or legal interest to assert a claim against this defendant is integrally related to the factual question whether or not the work in which plaintiff was engaged at the time of the injury is part of defendant’s business, trade or occupation. This question is to be determined after presentation and development of the conflicting evidence. See Doss v. American Ventures, Inc., 261 La. 920, 261 So.2d 615 (1972); Meche v. Farmers Drier & Storage Company, 193 So.2d 807 (La.App.3d Cir. 1967), writ refused, 250 La. 369, 195 So.2d 644 (1967).
The sum and substance of the evidence before the trial judge was an affidavit of defendant’s plant manager attached to the motion for summary judgment and plaintiff’s countervailing affidavit. In defendant’s affidavit, the plant manager states that plaintiff was an employee of a subcontractor of the general contractor who had contracted with defendant to construct a new barge unloading facility as an addition to the plant; that plaintiff was installing dustcovers to provide air pollution control at the junction of old conveyors and the newly-installed conveyors; that after installation of the dustcovers and while the conveyors were being operated, the accident occurred; and that the work being performed and the equipment being installed was work forming part of the trade, business and occupation of defendant.
In plaintiff’s countervailing affidavit, Gomez states that he was involved in installing air pollution control devices throughout the plant, manufactured by his (plaintiff’s) employer; that defendant did not have the facility or ability to manufacture or install this equipment and that the work in which he was engaged was not a part of the trade, business or occupation of the defendant.
A judgment maintaining or dismissing an exception of no right of action, based on affidavits offered in connection with a motion for summary judgment, absent an *540 opportunity to be afforded to the litigants to present and develop additional evidence in connection with the hearing on the exception of no right of action, is, in our opinion, premature. Plaintiff and defendant are entitled to offer additional evidence in connection with the exception of no right of action. Summary judgment procedure is not a substitute for trial of issues of material fact which must resolved. Laufer v. Touro Infirmary, 334 So.2d 541 (La.App. 4th Cir. 1976); Keen v. Pel State Oil Co., Inc., 332 So.2d 286 (La.App. 2d Cir. 1976), writ denied, 333 So.2d 234 (La.1976); George & George, Ltd. v. Bennett, 329 So.2d 793 (La.App. 1st Cir. 1976), writ denied, 332 So.2d 861, 863 (La.1976).
Under the circumstances, we find it necessary to remand the matter to the trial court to afford the parties an opportunity to present any additional evidence in connection with the exception of no right of action and any further proceedings required. Accordingly, the judgment maintaining the exception of no right of action is reversed and set aside. The matter is not remanded to the trial court for further proceedings consistent with the views herein expressed.
REVERSED AND REMANDED.
LEMMON, J., concurs and assigns reasons.

. Plaintiff has been paid workmen’s compensation benefits and the insurer has intervened seeking reimbursement by preference from any judgment rendered in favor of plaintiff.