385 So.2d 432 (1980)
ADSERV CORPORATION
v.
Hubert L. LINCECUM.
No. 13315.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
*433 Warren L. Mengis, Baton Rouge, for plaintiff-appellant Adserv Corp.
Fernin F. Eaton, Baton Rouge, for defendant-appellee Hubert L. Lincecum.
Before COVINGTON, LOTTINGER and COLE, JJ.
LOTTINGER, Judge.
This is a suit for defamation filed by Adserv Corporation against Hubert L. Lincecum. From a judgment sustaining defendant's peremptory exception of no cause of action, plaintiff has appealed, and defendant has answered the appeal.
In its petition plaintiff alleges:
"3.
"On or about May 30, 1979, defendant, HUBERT L. LINCECUM, voluntarily appeared before the House Appropriations Committee of the Louisiana Legislature, ostensibly for the purpose of testifying to factual information concerning the Louisiana State Employees' Group Insurance, which program is managed by your petitioner.
"4.
"During the course of defendant's testimony before the said House Appropriations Committee, defendant defamed your petitioner by making false, misleading and totally inaccurate statements concerning petitioner's management of the Louisiana State Employees' Group Insurance Program.
"5.
"More particularly, defendant alleged that state employees were being `ripped off' by the group insurance program managed by your petitioner, as well as numerous other derogatory and defamatory remarks concerning your petitioner, the substance of which remarks will be proved upon the trial of this matter.
"6.
"Petitioner further alleges that the said statements made by defendant were false, malicious, and were made by defendant with knowledge of their falsity or with reckless disregard for the truth of same for political reasons.
"7.
"The said false statements made by defendant were widely disseminated, being the subject of at least two (2) newspaper articles in the Baton Rouge State Times and Morning Advocate on May 30th and May 31st, 1979 respectively, copies of which newspaper articles are annexed hereto and made a part hereof by reference; additionally, the said defamatory statements concerning your petitioner were the subject of a television news story broadcast by WBRZ-TV, Channel 2 in Baton Rouge, resulting in their widespread dissemination.
"8.
"Petitioner has always conducted its business operations in a fair and professional manner to the best of its ability and has enjoyed an excellent reputation for honesty and integrity in its field.
"9.
"The said defamatory statements referred to hereinabove were made by defendant with actual malice; shortly before making the said statements, defendant advised the general manager of your petitioner, `You are going to get a lesson in Louisiana politics.'"
*434 To the petition defendant filed various exceptions. He declined the jurisdiction of the court, arguing jurisdiction was constitutionally delegated to the legislature. He filed the dilatory exception of prematurity because there were ongoing legislative and criminal investigations. Additionally, he filed exceptions of vagueness, lack of procedural capacity and nonjoinder of necessary parties. Lastly he filed the peremptory exceptions of no cause of action, nonjoinder of an indispensable party, and no right of action or lack of interest in plaintiff to institute the suit. In addition to defendant's exceptions, plaintiff filed a motion for security for costs.
The trial judge overruled the declinatory exception of lack of jurisdiction over the subject matter; took the dilatory exception of prematurity and the motion for security for costs under advisement; maintained the peremptory exception of no cause of action and dismissed plaintiff's suit; and ruled moot the exception of no right of action and failure to join indispensable parties.
Defendant has answered the appeal as to those rulings of the trial court which either overruled exceptions, took them under advisement, or found them moot.

NO CAUSE OF ACTION
The peremptory exception of no cause of action is tried on the face of the petition, and "no evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.C.C.P. art. 931.
The purpose of the exception of no cause of action is to determine whether under the allegations of the petition the law affords any remedy for the particular grievance complained of. Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App. 1st Cir. 1977); Guillory v. Nicklos Oil and Gas Company, 315 So.2d 878 (La.App. 3rd Cir. 1975); American Bank & Trust Company v. French, 226 So.2d 580 (La.App. 1st Cir. 1969). And in determining whether the petition states a cause of action, every reasonable interpretation must be afforded its language so as to maintain the sufficiency of the petition and to afford plaintiff his day in court. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975).
Thus, with these well recognized rules in mind, we now proceed to determine whether the instant petition states a cause of action.
Because of public necessity and policy, certain utterances, communications and publications are afforded a privilege as defense against an action for libel and slander. This privilege is either absolute or qualified.
"An absolutely privileged communication is one in respect of which * * * no remedy can be had in a civil action, however hard it may bear upon a person who claims to be injured thereby, and even though it may have been made maliciously, and is false." 50 Am.Jur.2d Libel and Slander § 193 (1970).
"Conditional or qualified privileged is based on public policy. It does not change the actionable quality of the words published, but merely rebuts the inference of malice that is imputed in the absence of privilege, and makes a showing of falsity and actual malice essential to the right of recovery.
"A qualified or conditionally privileged communication is one made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right, or interest. The essential elements thereof are good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only. The privilege arises from the necessity of full and unrestricted communication concerning a matter in which the parties have an interest or duty. The transmitter must have an interest or duty in the subject matter, *435 and the addressee must have a corresponding interest or duty, but such duty may be moral or social, rather than a legal one. The defense of qualified privilege does not extend to a publication to the general public.
"In determining whether conditional privilege exists, the nature of the subject, the right, duty, and interest of the parties, the time, place, and circumstances of the occasion, and the nature, character, and extent of the communication should be considered. It has been held that a conditional privilege to reveal information to protect a sufficiently important interest has its origin in, and is governed by, the rule of good sense and customary conduct of people motivated by good will and proper consideration for others, including due consideration for the subject being informed about as well as the recipient being protected." (Footnote omitted.) 50 Am.Jur.2d Libel and Slander § 195 (1970).
Louisiana recognizes that judicial allegations are not libelous and actionable unless shown to have been false, maliciously made, and uttered without probable cause. Thus only a qualified privilege is afforded. Waldo v. Morrison, 220 La. 1006, 58 So.2d 210 (1952); Lescale v. Schwartz, 118 La. 718, 43 So. 385 (1907) and 116 La. 293, 40 So. 708 (1906).
The same qualified privilege is afforded a witness in a judicial proceeding. Oakes v. Walther, 179 La. 365, 154 So. 26 (1934).
We conclude that the same qualified privilege must be afforded a witness appearing before a legislative committee, as long as the statements were made without malice, that is, without knowledge that they were false, or without reckless disregard of whether they were false or not, and that they be material and relevant to the inquiry.
The petition alleges that the statements made by defendant were made "with knowledge of their falsity or with reckless disregard for the truth of same for political reasons" and were made by defendant with actual malice. Since these allegations, if proved, would defeat the qualified privilege, the trial judge was in error in sustaining the exception of no cause of action.

JURISDICTION OVER SUBJECT MATTER
In answering the appeal defendant argues that the trial judge was in error in overruling its declinatory exception of lack of jurisdiction over the subject matter. We find an absence of argument by the defendant as to this particular exception.
Jurisdiction is defined by La.C.C.P. art. 1 as "the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." Additionally, La.C.C.P. art. 2 defines jurisdiction over subject matter as "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." We cannot conceive of the trial court being without jurisdiction to adjudicate the controversy between these parties. Therefore, we find no error on the part of the trial judge in overruling the exception.
The exceptions that were taken under advisement or ruled moot, including the motion for security for costs, should be disposed of by the trial judge on the remand of this case.
Therefore, for the above and foregoing reasons, the judgment of the trial court insofar as it overruled the exception of lack of jurisdiction over the subject matter is affirmed, and insofar as it sustained the exception of no cause of action is reversed. All other exceptions and motions pending in the trial court are to be disposed of on remand. The costs of this appeal are to be paid by defendant-appellee.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.