ELLIS, Judge:
This is a redhibition suit in which Calíais Cablevision, Inc., is seeking reduction in the purchase price and damages for the installation of allegedly defective cable by defendant Entrón, Inc. By supplemental petition Times Wire and Cable Co., a subsidiary of Insilco Corporation, was impleaded as a party defendant and alleged to be the manufacturer of the defective cable.
Peremptory exceptions of res judicata and of prescription were filed by Entrón and, after hearings, were overruled by the trial judge. Defendant Entrón then filed an exception of no cause of action. After argument, the trial judge rendered “Reasons for Judgment on Exception of No Right of Action,” sustaining the exception of no right of action and dismissing plaintiff’s case. Judgment was signed accordingly, and plaintiff’s case dismissed. Plaintiff has appealed.
The exception of no cause of action is based on the following facts, which appear in the petitions and the attached documents. On April 29, 1968, Calíais entered into a contract with Entrón by virtue of which Entrón was to construct and sell to Calíais a Community Antenna Television System, consisting of approximately 10 aerial strand miles of cable, and various appurtenances. This system was later extended to 17 miles. By a second contract, dated September 23, 1969, the parties agreed to construct approximately 65 miles of additional cable. From the supplemental petition, we learn that the cable was manufactured by Times Wire and Cable Co.
The pleadings and attachments do not enlighten us as to when or if the contract was completed and accepted. The original petition was filed on August 11, 1975, and alleged that in December, 1974, it was discovered that “the cable installed was so defective in that it was absolutely useless, or so inconvenient and imperfect that had your petitioner, Calíais Cablevision, Inc., known of the vice and defect at the time of its purchase, that Calíais Cablevision, Inc., would not have purchased the aforesaid cable.”
The following provisions relative to warranty appear in both contracts:
“9. a. Entrón expressly warrants that the equipment of its manufacture purchased hereunder shall be free from defects in material and workmanship under normal use and service for a period of one year after completion and acceptance of the System. Entron’s obligations under this warranty shall be limited to the repair or replacement of parts which its examination shall disclose to its reasonable satisfaction to have been thus defective. Tubes, transistors, batteries and fuses shall bear only the warranty, if any, accompanying them at the time of delivery to Buyer. All cable and equipment, including but not limited to coaxial cable, support strand, lash wire, anchors, guys, and such other related devices as are required to install and operate the System which are to be supplied but not manufactured by Entrón shall be warranted only in accordance with the terms of the warranties given by the respective manufacturers of such items.

*828 c. Except for the express warranty set forth herein, Entrón makes no warranty of any kind, express or implied, and all warranties of merchantability, fitness for a particular purpose, and other warranties of whatever kind are hereby disclaimed by Entrón and excluded. Entron’s liability under this Agreement shall be strictly limited to repair or replacement of defective work or materials in accordance with this warranty provision, and in no event shall Entrón be liable for special, contingent or consequential damage or damages. Further, the express warranties set forth herein shall be void unless Buyer gives Entrón written notice within the subject period of time of any claim based on the express warranties set forth herein. Any such notice shall be sent to Entrón at the above address and shall not be deemed effective until received by Entrón.”
The exception of no right of action raises the question of plaintiff’s interest in the subject matter of the suit; that is, whether the plaintiff, as a matter of law, falls within the general class who may exercise the cause of action asserted. Bamber Contractors, Inc. v. Henderson Bros., Inc., 345 So.2d 1212 (La.App. 1st Cir. 1977). The trial judge found that plaintiff was aware of and was bound by the limitations on warranty contained in the contract, and that, by failing to assert its claim within the time limitations expressed therein, the plaintiff lost its right of action. The effect of the holding is that, because there is a defense to the action, plaintiff had no right of action. This is a misapplication of the law. The right of action exists as a matter of law, unrelated to the merits of the case. Plaintiff is clearly in the class of persons to whom the redhibitory action is available, entitled to assert that cause of action. See Bielkiewicz v. Rudisill, 201 So.2d 136 (La. App. 3rd Cir. 1967).
Turning to the exception of no cause of action, we find that plaintiff has clearly alleged a cause of action in redhibition. Defendant, in effect, is saying that, because of the language limiting the warranty, plaintiff is barred from asserting his cause of action. We note, however, that defendant is bound under the contract to warrant the cable in accordance with the warranties given by its manufacturer. The petition does not enlighten us as to the extent of these warranties. We do not know from the petition when the job was accepted, and we do not know that plaintiff failed to give written notice within one year after the acceptance. Without knowledge of these facts, we cannot say that the defense urged by defendant through its exception is valid. The exception of no cause of action must therefore be overruled.
The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court for further proceedings according to law. All costs of this appeal shall be paid by defendant, with all other costs to await final disposition hereof.
REVERSED AND REMANDED.