399 So.2d 687 (1981)
Gilbert BURATT
v.
CAPITAL CITY PRESS, INC.
No. 14156.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
Victor L. Marcello, Donaldsonville, for plaintiff and appellant.
Frank M. Coates, Jr., Baton Rouge, for defendant and appellee.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
Appellant, Gilbert Buratt, appeals a judgment of the trial court maintaining defendant's *688 exception of no cause of action and dismissing appellant's suit with prejudice.
Appellant filed suit to recover damages based upon an alleged defamatory newspaper article published by defendant. Thereafter, defendant filed an exception of no cause of action, which was maintained by the trial court. While the defendant's exception states as its grounds that: "plaintiff is a public official and .... the plaintiff's petition fails to allege `malice' of the sort defined in New York Times v. Sullivan....," the briefs submitted by the parties appear to focus on the issue of whether the words alleged to have been published by defendant could, in fact, be construed as defamatory. Because no written reasons for judgment were issued by the trial court, we will review both aspects of the exception.
The threshold issue in any libel action is whether or not the statements made are defamatory or libelous. Brown v. News-World Publishing Corp., 245 So.2d 430 (La.App.2nd Cir., 1971). In defining a defamatory statement, the court in Brown, supra, stated:
"A statement is defamatory when it tends to expose a person to contempt, hatred, ridicule, or obloquy; or has a tendency to deprive him of the benefit of public confidence or injure him in his occupation; and includes almost any language which upon its face has a natural tendency to injure the person's reputation, either generally or with respect to his occupation. The intent and meaning of an alleged defamatory statement must be gathered not only from the words singled out as libelous but from the context as well, and the true meaning must be ascertained from a consideration of all parts of the statement as well as the circumstances of its publication. The test is the effect the article is fairly calculated to produce and the impression it would naturally engender in the minds of the average persons among whom it is intended to circulate."
All facts that are pertinent and well-pleaded in the petition are admitted for the purpose of consideration of the exception of no cause of action. Brown, supra.
Concerning the words published by defendant, which appellant alleges to be defamatory, the petition, in pertinent part, alleges the following:

"2.
"During the last 11 years, your petitioner has served as a member of the Police Jury of the Parish of Ascension. On July 8, 1979, defendant published in the Sunday Advocate [defendant's newspaper] an article entitled `Records Reveal Gifts to Police Jury Members.'

"3.
".... the title to the article is prefaced with the words `"`Gestures of Friendship in Ascension.'"' The articles (sic) states in pertinent part:
"`Barber also said that his firm was asked to overlay roadbeds in a subdivision in Galvez owned by Police Juror and Parish Manager Buratt and a partner.
"`Buratt said he never developed any property in the area.
"Barber said the company turned down the request since tests showed the roadbed was `insufficient for overlay purposes.' He said Buratt's unnamed partner later said he would pay whatever price was necessary since he had been turned down in a number of times. He said the work was eventually performed by someone else."
Appellee contends that the words contained in the body of the news article are not in themselves defamatory. This may be true. However, appellant has alleged in his petition that the headline or title of the article and a preface connect the idea of "gestures of friendship" and "gifts to police jury members" with the statements in the body of the article concerning appellant, and that the overall implication of these statements is defamatory. We agree.
*689 The statements naturally imply conduct by appellant, which is, at least, an unethical use of his public position, and the possible commission of a crime by him. When taken in their entirety, these words, together with the reasonable inferences to be drawn from them, would tend at the least to deprive appellant, a public official, of the benefit of public confidence and injure him in his occupation.
As to the legal issue of malice, our Supreme Court, in Kidder v. Anderson, 354 So.2d 1306 (La.1978), stated:
"A public official may not recover damages for a defamatory statement, even if false, relating to his official conduct unless he proves that the statement was made with `actual malice'that is, with knowledge that it was false or with reckless disregard of whether it was false or not." New York Times Company v. Sullivan, 376 U.S. 254, 279-80, 84 S.Ct. 710, 726, 11 L.Ed.2d 686 (1964).
In Paragraph 4 of his petition, appellant states that "the information supplied in the above excerpt [the news article] is completely contrary to fact; ...." and the remainder of that paragraph alleges facts to support this claimed falsity. Paragraphs 5 and 6 of the petition allege that the statements were published with the "express purpose of slandering and libeling your petitioner and destroying his [appellant's] reputation in the community and his political career." Further Paragraph 9 alleges that "as relates to petitioner, said series of articles have been untrue and un-substantiated, all to the knowledge of the said reporters of defendant." (Emphasis added.)
In the recent case of Adserv Corporation v. Lincecum, 385 So.2d 432 (La.App.1st Cir., 1980), as in this instant case, the defendant held a qualified privilege, and thus, in order to recover, it was necessary for the plaintiff to allege malice. In Adserv, supra, we stated that:
"The petition alleges that the statements made by defendant were made `with knowledge of their falsity or with reckless disregard for the truth of same for political reasons' and were made by defendant with actual malice. Since these allegations, if proved, would defeat the qualified privilege, the trial judge was in error in sustaining the exception of no cause of action."
Appellant's petition clearly sets forth that the complained of statements were false, and that their falsity was known by defendant. Appellant further alleges in his petition that the publication of these statements by defendant was intended to destroy his reputation and career. Thus, the allegations of appellant's petition clearly allege malice and state a cause of action under the New York Times, supra, rule. Adserv Corporation v. Lincecum, supra.
For the above reasons, the judgment below is hereby reversed and this cause is hereby remanded to the trial court for further proceedings in conformity herewith. Costs of this appeal are to be paid by defendant-appellee, Capital City Press.
REVERSED AND REMANDED.
COVINGTON, J., concurs in the result.