CULPEPPER, Judge.
Plaintiff, Merco Lands, Inc., seeks to enjoin the defendants, James M. Hutchinson and Mitchell N. Ashy, from constructing or using an oxidation pond on defendants’ property near the boundary of plaintiff’s adjacent property. Plaintiff contends that since a regulation of the Louisiana State Board of Health prohibits the location of water wells within 50 feet of an oxidation pond, it will be deprived of the use of a portion of its property for water wells which it plans to drill. The district judge found LSA-C.C. Article 667 applicable and issued the injunction. Defendants appealed.
_ The issue is whether plaintiff is entitled to the injunctive relief sought.
The facts are that plaintiff and defendants are the owners of contiguous tracts of land on Beau Pre Road, which runs generally east and west in a commercial-industrial area of Lafayette Parish. Plaintiff’s land fronts approximately 351 feet on the road and runs back in a southerly direction 651 feet. This property is adjoined on the west by defendants’ property, which fronts 673 feet on the road and runs back a depth of about 220 feet. Both tracts are located in an area where there are no sewage or water facilities supplied by any governmental agency. It is necessary that each landowner construct and operate his own sewage facilities and water wells.
Plaintiff’s officers testified that it plans to develop its property by constructing commercial buildings with parking areas on both sides of a road which it has built running north and south approximately through the center of the tract. It has already erected one commercial office building and one water well in the southwest corner of its property. A separate well is planned for each building. Its officers testified that the best use of its property re *857 quires that the wells be located near the rear of the proposed buildings away from the parking areas. This would place some of the wells near the boundary line between the properties of plaintiff and defendants.
The defendants have already constructed an office building on the west end of its property and plan to construct a similar building on the east end. They requested advice from the Lafayette Parish Board of Health as to sewage facilities, and were advised to use an oxidation pond, which had to be located at least ten feet from their property line. Accordingly, defendants commenced construction of an oxidation pond, measuring approximately 30 feet by 40 feet, and located in the southeast corner of their property, approximately ten feet from the boundary line of plaintiff’s land. The pond is to service both buildings. Defendants constructed a water well approximately in the center of their property, contemplating that this well could also service both buildings.
The Sanitary Code of the State of Louisiana, promulgated by the Louisiana State Board of Health in accordance with Revised Statutes of 1950, Title 40, as amended, a copy of which Code is filed in evidence as plaintiff’s P-3, requires in Section 8.7.3 that water wells shall not be located less than 50 feet from an oxidation pond. LSA-R.S. 40:12 provides penalties for violation of the sanitary code. Plaintiff contends that the oxidation pond being constructed by defendants on their property will deprive plaintiff of the use of all of its property lying within 50 feet of the oxidation pond for purposes of constructing water wells as planned. It argues that defendant should be enjoined from constructing or using an oxidation pond within 50 feet of plaintiff’s property line, and that this can be easily accomplished by defendants moving the pond to another location on their own property.
LSA-C.C. Articles 667-669 read as follows:
“Art. 667. Although a proprietor may-do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.
“Art. 668. Although one be not at liberty to make any work by which his neighbor’s buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor.
“Thus he who is not subject to any servitude originating from a particular agreement in that respect, may raise his house as high as he pleases, although by such elevation he should darken the lights of his neighbors’s [neighbor’s] house, because this act occasions only an inconvenience, but not a real damage.
“Art. 669. If the works or materials for any manufactory or other operation, cause an inconvenience to those in the same or in the neighboring houses, by diffusing smoke or nauseous smell, and there be no servitude established by which they are regulated, their sufference must be determined by the rules of the police, or the customs of the place.”
Our Supreme Court has recently decided two cases which we must use as guidelines. In Hilliard v. Shuff, 260 La. 384, 256 So. 2d 127 (1972), the defendant Shuff was the lessee of property on which he operated a truckstop. For several years he had maintained four large above-ground storage tanks for gasoline and diesel fuel. These tanks were located only five feet from the property line of the plaintiff Hil-liard and were about 150 feet from Hil-liard’s residence. Hilliard sued to compel Shuff to remove the tanks. The evidence showed that highly flammable fumes from the tanks extended approximately 50 feet on plaintiff’s property, creating such a fire hazard that plaintiff could not safely operate an automobile, truck, tractor or power mower within the danger zone. The ma *858 jority opinion of the Supreme Court held that LSA-C.C. Articles 667, 668 and 669 controlled the disposition of the case. The opinion states that although defendant’s storage of these fuels was a lawful activity and there was no fault or negligence by Shuff, nevertheless, they created a “substantial hazard to the adjoining property”, in violation of the neighbors’ rights under the cited code articles.
However, the majority opinion in Hil-liard v. Shuff refused to order a complete removal of the tanks. The opinion states that “injunction is an equitable remedy and should be carefully designed to achieve the essential correction at the least possible cost and inconvenience to the defendant.” The case was remanded to the district court for the reception of further evidence relative to methods of correction and for the issuance of an injunction, both mandatory and prohibitory, on such terms and conditions as the district court found necessary.
Justice Barham dissented. In his view, Article 667 establishes a predial servitude imposed by law. The owner of the ser-vient estate is prohibited from constructing any works on it which may deprive his neighbor of enjoyment of the dominant estate, or which may cause damage to the dominant estate. The dissent takes the position that since this servitude is a real right, the owner thereof can protect it by injunction. Justice Barham’s view is that Article 668 merely modifies Article 667, by stating that Article 667 protects only from a work which may occasion “real damage” and not from a work which “occasions only an inconvenience”. As to Article 669, Justice Barham’s view is that this article is concerned only with inconveniences, which may be abated by any interested party if found in violation of “the rules of the police, or the customs of the place.”, an equitable remedy similar to that available in the case of nuisance. Justice Barham concluded that the plaintiff Hilliard was entitled to “immediate and full abatement of the encroachment upon his legal servitude under Article 667.”
The other recent case from our Supreme Court is Salter v. B. W. S. Corporation, Inc., La., 290 So.2d 821 (1974). In that case the defendant was engaged in the business of disposing of industrial waste. It bought 160 acres of land and proposed to dig trenches, IS feet deep by 30 feet wide, in which barrels of chemical waste were to be buried. A neighboring landowner and a neighboring lessee sought to enjoin these operations on defendant’s property on the grounds that the buried chemicals would seep through a strata of sand and pollute plaintiffs’ water wells.
The majority in Salter found the facts insufficient to show that the water well of the landowner, which was across the highway from defendant’s property, would be polluted. However, the majority found the evidence “establishes the probability that disposal of chemical wastes by defendant, “without adequate precaution, will pollute the water well of the neighboring lessee.” The lessee was held to be a “proprietor” under Article 667 and, as such, entitled to an injunction under our general injunction law, LSA-C.C.P. Article 3601, upon a showing that irreparable injury or damage may occur. The court found the evidence showed that this waste disposal operation could be conducted safely by sealing the trenches with nonporous materials to prevent the chemicals from seeping through the earth to the water wells. The case was remanded to the district court for the issuance of an injunction, mandatory and prohibitory, upon such terms and conditions as the district court found necessary to prevent the pollution of the lessee’s water well.
In the Salter case, Justice Barham wrote a concurring opinion, in which he was joined by Justice Tate. Their view is that since Article 667 provides a servitude, which is a real right, relief under that article is available to a neighboring landowner *859 but is not available to a neighboring lessee, since a lessee has only a personal right. For that reason, they concluded the lessee was not entitled to relief under Article 667. However, the concurring justices were of the opinion that the lessee was entitled to relief under Article 669, and that he was entitled to an injunction under LSA-C.C.P. Article 3601, since he had shown that irreparable injury may occur.
For further scholarly discussion of Civil Code Articles 667-669, see Yiannopoulos, Civil Responsibility In The Framework of Vicinage: Articles 667-669 and 2315 of the Civil Code, 48 Tulane Law Review 195 (1974); and Yiannopoulos, Violations Of The Obligations of Vicinage: Remedies Under Articles 667 and 669, 34 La. Law Review 475 (1972).
In our view, regardless of the conceptual differences expressed by the justices of our Supreme Court in the Hilliard and Salter cases, the plaintiff in the present case is entitled to injunctive relief. Under the rules expressed by the majority opinions in the two cases, the plaintiff here has proved that it will be damaged by the construction and use of the oxidation pond on defendants’ property. Specifically, plaintiff will be deprived of the use of that portion of its property within 50 feet of the oxidation pond for the purpose of drilling water wells as planned for its proposed buildings. And, under the views expressed by the majority in the two cases, plaintiff is entitled to injunctive relief under LSA-C.C.P. Article 3601, since he has shown that irreparable injury or damage may result.
Under the views expressed by Justices Barham and Tate, the plaintiff in the present case is even more clearly entitled to injunctive relief. If Article 667 does establish a servitude, which is a real right, the plaintiff, as owner of that real right, is entitled to protection by injunction.
Although counsel have not raised the question, we notice that the judgment appealed enjoins defendants “from constructing, completing and using the oxidation pond located upon the property of defendants, and defendants are hereby ordered to locate said oxidation pond in such a place on their property so that it will not hinder plaintiff’s use of its property.” It occurs to us that this decree is overly broad in that it orders defendants to construct another oxidation pond, although it may be that defendants will choose some other type of sewage disposal. Furthermore, the decree should be more specific as to the distance from plaintiff’s property within which an oxidation pond is prohibited. We will therefore amend the judgment to accomplish these changes.
For the reasons assigned, the judgment appealed is amended so as to enjoin the defendants from constructing, completing or using an oxidation pond upon the property of defendants within 50 feet of the property of the plaintiff. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed, as amended.