407 So.2d 455 (1981)
Bertha Dedon ANDROWSKI, et al.,
v.
OLE McDONALD'S FARMS, INC.
No. 14281.
Court of Appeal of Louisiana, First Circuit.
November 23, 1981.
Writ Denied January 18, 1982.
*456 Charles S. McCowan, Jr., Baton Rouge, for plaintiffs Bertha Dedon Androwski, David Michael Androwski, Patricia Elaine Androwski, John Stanley Androwski and Daniel William Androwski.
Bobby L. Forrest, Baton Rouge, for defendant Ole McDonald's Farms.
Before CHIASSON, EDWARDS and LEAR, JJ.
CHIASSON, Judge:
Plaintiffs, Bertha Dedon Androwski, David Michael Androwski, Patricia Elaine Androwski, John Stanley Androwski and Daniel William Androwski, appeal the judgment of the trial court sustaining the exception of no cause of action filed by defendant, Ole McDonald's Farms, Inc., and dismissing plaintiffs' damage suit against defendant.
Plaintiffs' petition alleges that they are the owners in indivision of an eighty-seven (87) acre tract of land situated in the Parish of East Baton Rouge; that defendant owns real property which adjoins the property owned by petitioners in the Northeast corner thereof with a common boundary of approximately twenty-two hundred (2200) feet; that defendant has constructed upon its property a sewage oxidation pond within five to ten feet of the common boundary and extending the full length of the common boundary; that the Division of Health of the Louisiana Health and Human Resources Administration and the Department of Public Works of the City Parish Government of Baton Rouge, Louisiana, require that sewage oxidation ponds be constructed at least two hundred (200) feet from any residence; that both the Federal Housing Administration and the Veterans Administration will not approve a mortgage loan on residences located nearer than two hundred (200) feet to a sewage oxidation pond; that plaintiffs' property is in a rapidly developing residential area and they plan to develop their property into a residential subdivision in the very near future; that defendant has constructed a work on its property which deprives plaintiffs the liberty of using 7.45 acres of their property in a reasonable manner; and that plaintiffs are thus entitled to damages under Article 667 of the Civil Code.
The peremptory exception of no cause of action is decided on the face of the pleadings and "(N)o evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.C.C.P. art. 931.
The purpose of the exception of no cause of action is to test whether the allegations of the petition entitle the petitioner to a remedy under any theory of law. For the purpose of deciding this exception, all well pleaded allegations of fact in the petition must be accepted as true. Every reasonable interpretation must be afforded the language of the petition so as to maintain the sufficiency of the petition and to afford plaintiff his or her day in court. Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Adserv Corp. v. Lincecum, 385 So.2d 432 (La.App. 1st Cir. 1980); American Bank & Trust Company v. French, 226 So.2d 580 (La.App. 1st Cir. 1969).
The issue presented by plaintiffs' petition is: Does the construction of an oxidation pond adjacent to and within five to ten feet of the property line separating contiguous estates give rise to a claim for damages for diminution in value of the neighboring property when no negligence, physical intrusion, or ultrahazardous activities are involved?
*457 Louisiana Civil Code Articles 667 and 668 are respectively relied on by plaintiffs and defendant to sustain their contentions in this case. These articles of the Civil Code read as follows:
Art. 667.
"Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him."
Art. 668.
"Although one be not at liberty to make any work by which his neighbor's buildings may be damaged, yet every one has the liberty of doing on his own ground whatsoever he pleases, although it should occasion some inconvenience to his neighbor.
"Thus he who is not subject to any servitude originating from a particular agreement in that respect, may raise his house as high as he pleases, although by such elevation he should darken the lights of his neighbors's [neighbor's] house, because this act occasions only an inconvenience, but not a real damage."
Both parties to this action base their positions on interpretations of the 1975 Supreme Court case of Hero Lands Company v. Texaco, Inc., supra. The claim in Hero was for damages for the depreciation of property value due to the presence of a high pressure gas pipeline bordering plaintiffs' property which was to be developed as a subdivision. The lower courts had held that no damages for depreciation of land value were available when no physical intrusion occurred and sustained an exception of no cause of action. The Supreme Court reversed, finding the allegations of the Hero Lands Company's petition were sufficient in law to state a cause of action for damages resulting from the installation of the pipeline by Texaco. The Per Curiam on Application for Rehearing has been quoted as supporting the position of both parties in the present case, so it is reprinted here, as follows:
"The application for rehearing argues that Jeansonne v. Cox, 233 La. 251, 96 So.2d 557 (1957) is contrary to our holding in this case. Apparently, defendants misunderstand the consequences of our opinion. We have not held that allegations of damage based upon a depreciation of land value because of ordinary constructions and activities on a neighbor's property necessarily state a cause of action. The opinion has held that allegations that the maintenance of an ultrahazardous construction on defendant's servitude has caused them damage does under the factual allegation state a cause of action. We have remanded for trial on the merits to determine if the proof in support of these allegations entitles plaintiff to recovery of damages for the fault of defendant under the theory of abuse of right as expressed by La.Civil Code arts. 667 and 668."

* * * * * *
Defendant contends Hero and the Per Curiam stand for the proposition that only ultrahazardous activities can cause real damage, as opposed to mere inconvenience, where no physical invasion of property is involved.
Plaintiffs, on the other hand, contend Hero overruled prior decisions requiring a physical intrusion, and recognized that this is only one factor to be considered in the inconvenience-damage scale and quote from Hero the following:
"* * * When the actions or works cease to be inconveniences and become damaging is a question of fact. The problem is one which involves the nature of the intrusion into the neighbor's property, plus the extent or degree of damage. No principle of law confines this damage to physical invasion of the neighbor's premises an extrinsic injury, as it were. The damage may well be intrinsic in nature, a combination of facts and conditions which, taken together, do not involve a physical invasion but which, under the circumstances, are nevertheless by their nature the very refinement of injury and damage. * * *"
*458 Plaintiffs further contend the Hero Court's Per Curiam could well be paraphrased, as follows:
"Allegations of damage based upon a depreciation of land value resulting from ultrahazardous activities necessarily state a cause of action under Civil Code Articles 667-8 and the allegations of the petition. Allegations of damage based upon ordinary constructions do not necessarily state a cause of action; this is a question of fact that depends upon the nature of the intrusion into the neighbor's property plus the extent of the damage."
In Hero, supra, the damage alleged by plaintiffs-landowners was the reduction of property value within a two hundred fifty (250) feet corridor surrounding the defendant's high pressure pipeline. In this case the damage alleged by plaintiffs-landowners is the reduction of property value within two hundred (200) feet of the oxidation pond. The damage claims in the two cases originate from different causes: In Hero from the hesitancy of the public to purchase land near known hazards; in the instant case from the inability to build because of state and local regulations.
We find that Hero does not hold that only ultrahazardous activities can cause real damage where there is no physical invasion of the neighboring property. Certainly, La.C.C. arts. 667 and 668 do not contain such a restriction. Ordinary use by a proprietor coupled with existing governmental regulations may result in real damage, as opposed to mere inconvenience, to a neighboring proprietor. It is the location selected by defendant for the site of the oxidation pond which establishes the location of the perimeter within which no residence can be built because of governmental regulations.
In a similar case, Merco Lands, Inc. v. Hutchinson, 306 So.2d 856 (La.App. 3rd Cir. 1975), the Third Circuit Court of Appeal held that La.C.C. art. 667, in conjunction with La.C.C.P. art. 3601, entitled petitioner to an injunction preventing defendants from constructing, completing, or using an oxidation pond upon their property within fifty (50) feet of the property of the petitioner. The petitioner contemplated drilling a water well on its property and cited a provision of the Sanitary Code which provided that water wells shall not be located less than fifty (50) feet from an oxidation pond. This case involved only the enforcement of the legal servitude created by C.C. art. 667.
In the case before us, reparation for damages are being sought for allegedly violating the obligations contained in C.C. art. 667. The breach of any obligation "results in legal responsibility if the law provides a sanction for that breach, for, without any sanction, the obligation is merely an imperfect or natural obligation, neither of which can be enforced by any judicial action. C.C. 1757." Dean v. Hercules, Incorporated, 328 So.2d 69 (La. 1976).
With reference to legal responsibility under C.C. art. 667, the majority in the Hero case stated:
"As expressed in the Article, the principle is a limitation the law imposes upon the rights of proprietors in the use of their property. It is a species of legal servitude in favor of neighboring property, an expression of the principle of sic utere. An activity, then, which causes damage to a neighbor's property obliges the actor to repair the damage, even though his actions are prudent by usual standards. It is not the manner in which the activity is carried on which is significant; it is the fact that the activity causes damage to a neighbor which is relevant. Chaney v. Travelers Insurance Company, 259 La. 1, 249 So.2d 181 (1971). The article expresses, as this Court has often stated, a doctrine of strict liability which does not depend upon deliction. Craig v. Montelepre Realty Co. [252 La. 502, 211 So.2d 627], supra; Gotreaux v. Gary, 232 La. 373, 94 So.2d 293 (1957); Fontenot v. Magnolia Petroleum Co., 227 La. 866, 80 So.2d 845 (1955); Devoke v. Yazoo & M.V.R. Co., 211 La. 729, 30 So.2d 816 (1947)."
Justice Barham in a concurring opinion was "of the opinion that a suit for damages *459 based on a violation of La.C.C. Art. 667 may constitute a delictual action based upon fault under Article 2315. It is fault which does not require proof of negligence. See Langlois v. Allied Chemical, 258 La. 1067, 249 So.2d 133 (1971)."
In Dean v. Hercules, Incorporated, supra, Justice Dixon in an unanimous decision held:
"An action for damages for a violation of article 667 is most closely associated with an action for damages based on C.C. 2315 et seq. Indeed, it can be said that a violation of article 667 constitutes fault within the meaning of article 2315.4 Langlois v. Allied Chemical Corp., 258 La. 1067, 249 So.2d 133 (1971).5 In effect, C.C. 667 imposes liability without negligence. * * *
"4 See Stone, Tort Doctrine in Louisiana: The Obligations of Neighborhood, 40 Tul.L. Rev. 701, at 709, wherein the author points out that such an approach finds favor among many of the French commentators.
"5 In note 14 of the Langlois decision, article 667 is cited as an example of liability for fault which does not encompass negligence."
Doctrinal writers have also differed as to the characterization of an action for damages under La.C.C. art. 667. See Stone, Tort Doctrine in Louisiana: The Obligations of Neighborhood, 40 Tul.L.Rev. 701, 708 (1966); Malone, The Work of the Louisiana Appellate Courts, 1969-70; Torts, 31 La.L.Rev. 231 (1971); Yiannopoulos, Civil Responsibility in the Framework of Vicinage: Articles 667-69 and 2315 of the Civil Code, 48 Tul.L.Rev. 195 (1974); Dainow, The Work of the Louisiana Appellate Courts for the 1965-66 Term, 26 La.L.Rev. 459, 538 (1966); and Yiannopoulos, Violations of The Obligations of Vicinage: Remedies Under Articles 667 and 669, 34 La.L. Rev. 475 (1972).
Under either characterization, and accepting as true all well-pleaded facts in plaintiffs' petition, we hold plaintiffs have stated a cause of action and defendant's exception should not have been sustained by the trial court. Whether there has been a compensable abuse of the rights of ownership by a proprietor toward his neighbors is a question of fact to be decided at the trial of the case on the merits.
For these reasons, the judgment of the trial court is reversed and judgment is rendered herein overruling defendant's exception of no cause of action. The case is remanded to the trial court for further proceedings in accordance with law.
Costs of this appeal are assessed against defendant. All other costs are to await the final determination of this action.
REVERSED, RENDERED AND REMANDED.