COLE, Judge.
The issue in this case is whether or not the owners of property contiguous to an estate on which oxidation ponds were constructed have proven their property thereby suffered a reduction in fair market value or that the ponds constitute a nuisance for which an award should be made.
The facts giving rise to this litigation are as follows. Bertha Dedon Androwski, David Michael Androwski, Patricia Elaine Androwski, John Stanley Androwski, and Daniel William Androwski brought suit against Ole McDonald’s Farms, Inc., alleging the sewage oxidation ponds constructed on defendant’s property constituted an inverse servitude of usage on plaintiffs’ adjacent property because regulations prohibit the construction of oxidation ponds within 200 feet of any residence.[1] In the alternative, they avered the oxidation ponds constituted a work on defendant’s property which deprived them of using 7.45 acres of their property and they were entitled to damages under Civil Code article 667. They further alleged they suffered damages because the oxidation ponds were a nuisance.
Defendant filed the peremptory exception raising the objection of no cause of action which was sustained by the trial court. This court reversed that decision and held the construction of an oxidation pond adjacent to and within five to ten feet of the property line separating contiguous estates gives rise to a claim for damages for diminution in value of the neighboring property even though no negligence, physi *1123 cal intrusion, or ultrahazardous activities are involved. Androwski v. Ole McDonald’s Farms, Inc., 407 So.2d 455 (La.App. 1st Cir.1981), writ denied 409 So.2d 666 (La.1982). The court then remanded the case for a factual determination of whether or not there had been “a compen-sable abuse of the rights of ownership by a proprietor toward his neighbors.”
Before the case was heard plaintiffs voluntarily partitioned the property. After the partition only David Michael Androwski and Patricia Androwski McKnight owned property adjacent to defendant’s oxidation ponds. Patricia then sold her property to a third person leaving only David Michael Androwski as owner of property adjoining the oxidation ponds. After a trial on the merits judgment was rendered in favor of defendant and against plaintiffs. The court held Bertha Dedon, John Stanley and David William Androwski had not proven damages because they no longer owned property adjoining the oxidation ponds. The court ruled Patricia Androwski McKnight did not incur any damages because she sold her tract for its fair market value. The essence of the court’s reasoning regarding David Michael Androwski was that he had not proven damages. All of the plaintiffs have appealed alleging two specifications of error. First, the trial court erred in failing to find the construction of the oxidation ponds by defendant created an inverse servitude and nuisance which resulted in damages to plaintiffs’ property. Second, the trial court erred in failing to find plaintiffs had proved their damages with sufficient certainty to allow an award.
The appellants allege the fair market value of their property has been reduced and they are entitled to $90,000 in damages. They claim the location of the oxidation ponds within five to ten feet of the boundary between their property and appellee’s property creates an inverse servitude because certain regulations and governmental policies prohibit the building of residences within 200 feet of an oxidation pond. The essence of their argument is they are prevented from developing their property because of these regulations and policies and therefore they are entitled to an award for diminution of the fair market value of their property.
The following regulations and policies govern the location of oxidation ponds. The State Sanitary Code provides in Chapter X, para. 10.20 that approval for the location of sewage ponds will be made in accordance with the latest Standards for Sewage Works promulgated by the Great Lakes and Upper Mississippi Board of Sanitary Engineers. The 1975 Recommended Standards for Sewage Works, incorporated by the Sanitary Code, provide in pertinent part:
“93.1 Distance From Habitation
“A pond site should be as far as practicable from habitation or any area which may be built up within a reasonable future period.”
The 1978 Recommended Standards for Sewage Works provide:
“102.1 Distance From Habitation
“A pond site should be located as far as practicable, with a minumum of ¼ mile (0.4km), from habitation or any area which may be built up within a reasonable future period....”
An internal policy memorandum of the Department of Health and Human Resources provides:
“2. Location
“a. Ponds should be located as far as practicable from habitation. Generally they should not be located closer than 200 feet from residences.”
The policy memorandum is the crux of appellants’ argument. They contend the policy precludes the development of their property within 200 feet of the oxidation pond. The trial court found this 200 foot policy was not a hard and fast rule and the appellants have not lost the right to build on their land. We agree. Although there is some evidence this policy is regularly applied, the preponderance of the evidence establishes the 200 foot rule is not mandatory. It is only a departmental policy and not a law promulgated by our legislature. *1124 Furthermore, the 200 foot recommended distance is measured from the water surface of the oxidation pond to an actual residence, not from the boundary line of the tract containing the pond to the closest residential lot line. The appellants presented no evidence, other than an application in 1975 to expand a trailer park, that they planned to develop their property into a residential area. As there is no evidence appellants intend to build residential structures within 200 feet of appellee's oxidation pond “within a reasonable future period” the trial court was correct in finding the oxidation ponds did not create an inverse servitude.
This argument is closely related to the question of whether or not appellants sustained their burden of proving damages. They rely primarily on the testimony of Mr. Oren W. Russell, an expert in real estate, who assessed the reduction in fair market value of appellants’ property at $87,040. Mr. Russell’s appraisal is based upon his opinion that the highest and best use of appellants’ property is residential. The trial court did not believe the highest and best use of the property is residential and therefore placed little probative weight on Mr. Russell’s assessment of damages. This had a substantial impact on the trial court’s concluding the appellants had not proven damages. We agree the highest and best use of appellants’ property is not residential. The record is replete with evidence that the property is in the flood plain and subject to inundation. For the property to be developed as a residential area, dirt fill would be required to elevate the property two feet at a cost which as a practical matter would not be economically feasible.
Even if the highest and best use of the property were residential, recovery for diminution in value would still be denied because the evidence does not establish the appellants have been precluded from developing their property because of appellee’s ponds. No plans to develop the property into a residential subdivision were introduced. David Michael Androwski testified no preliminary study or subdivision plat had been made other than the preliminary plat for an extension of a trailer park in 1975. He admitted no attempt has been made to develop the property by him or any other person. He even admits any development at this time as to configuration, depth of lots, or type of development is purely conjectural.
The appellants who no longer own property within 200 feet of defendant’s oxidation ponds have also failed to establish their property has been damaged.[2] The expert opinion of Mr. Russell, relied upon by appellants, was formulated before the tract was partitioned, thus based upon the proposition that appellants’ property was one large tract owned in indivisión by members of a family. Although Russell states the assessment of damages before and after the partition would be “pretty close” if prorated for each tract resulting from the partition, there is other expert testimony that after the division of ownership it would be speculative to assess damages to each tract without an additional appraisal. The appellants did not offer an expert appraisal of the damages to each tract subsequent to the partition.
Patricia Androwski McKnight, who sold her tract adjoining the ponds, has also failed to prove the value of her tract was diminished. The evidence does not establish she received less than the fair market value of the tract sold.
There is conflicting testimony as to whether or not the oxidation ponds created a nuisance. The appellants’ major complaint is that the ponds emit offensive odors.[3] The testimony of several disinter *1125 ested parties was that the oxidation ponds do not emit objectionable odors and will not in the future if maintained properly. Whether or not an activity creates a nuisance is a question of fact to be determined by the circumstances in each particular case. Thornburg v. McMillin, 392 So.2d 1119 (La.App.3d Cir.1980), writ denied 399 So.2d 599 (La.1981). As a reviewing court, we must give great weight to factual conclusions of the trier of fact, and where there is conflict in the testimony reasonable evaluations of credibility and reasonable inferences of fact are not to be disturbed. Canter v. Koehring Company, 283 So.2d 716 (La.1973). We find no manifest error in the trial court’s findings of fact and therefore affirm its denial of an award for the alleged nuisance.
In conclusion, this whole case has rested upon the factual question of whether or not the appellants’ property was damaged. The burden of proof was upon appellants and the trial court found there was insufficient evidence to prove the element of damages. In essence, the trial court found the evidence established defendant’s oxidation ponds were at most an inconvenience rather than a cause of damage to appellants’ property. Compare La. Civil Code arts. 667 and 668. We are not at liberty to disturb that determination absent manifest error. Finding no manifest error, we affirm the trial court’s judgment against appellants and in favor of the ap-pellee.
Costs are to be paid by appellants.
AFFIRMED.

. At the outset we note the evidence does not preponderate to establish the converse, i.e., a rule, regulation or policy prohibiting the construction of a residence within 200 feet of an existing oxidation pond.

. As a result of the voluntary partition on April 20, 1979, Bertha Dedon, John Stanley and David William Androwski received property not adjacent to the oxidation ponds. In oral argument before this court counsel for appellants admitted these parties are now without a claim and procedurally, should have been eliminated from this litigation.

. There were complaints about other oxidation ponds and oxidation ponds in general but as we are concerned with the factual issue of whether *1125 or not the oxidation pond adjoining appellants’ property is a nuisance we do not address these complaints. There was a complaint about the appellee's pond flooding the Androwskis’ property but there was also evidence that the flooding resulted from intentional tampering.